THE STATE OF TENNESSEE
IN THE CHANCERY COURT FOR HAMILTON COUNTY

| | |
|---|---|
| JENNIFER CRYSTAL MCDANIEL and NELSON WAYNE MCDANIEL, Plaintiffs, | DOCKET NO. 24-0342 |
| v. | PART _____ |
| CITY OF CHATTANOOGA AND FORT WOOD NEIGHBORHOOD ASSOCIATION, INC., Defendants. | |

## SUMMONS

TO RESPONDENT: The City of Chattanooga, c/o Phillip Noblett, Esq.

WHOSE ADDRESS IS 100 East 11th Street, Suite 100, Chattanooga, Tennessee 37402

OTHER SERVICE INFORMATION

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & ATTESTED this 20 day of May 2024.

ROBIN L. MILLER, CLERK & MASTER

By: _____
DEPUTY CLERK & MASTER

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ISSUED BY:
Curtis L. Bowe, III, Esq. (BPR 017037)
Attorney for Plaintiffs
6120 Shallowford Road, Suite 107
Chattanooga, Tennessee 37421
423.475.6070/423.475.6072

**EXHIBIT A**

THE STATE OF TENNESSEE
IN THE CHANCERY COURT FOR HAMILTON COUNTY

| | |
|---|---|
| JENNIFER CRYSTAL MCDANIEL and NELSON WAYNE MCDANIEL, Plaintiffs, | DOCKET NO. 24-0342 |
| v. | PART _____ |
| CITY OF CHATTANOOGA AND FORT WOOD NEIGHBORHOOD ASSOCIATION, INC., Defendants. | |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Plaintiffs, Jennifer Crystal McDaniel, and Nelson Wayne McDaniel ("McDaniels" or "Plaintiffs"), and files this Complaint for Declaratory and Injunctive Relief against Respondents, the City of Chattanooga and Fort Wood Neighborhood Association, Inc., Plaintiffs state:

### INTRODUCTION

1. Plaintiffs bring this lawsuit to challenge the propriety and constitutionality of Fort Wood Design guidelines as applied in case HZ-23-190 regarding 511 Central Avenue, Chattanooga, Tennessee.

2. According to Chattanooga City Code, Chapter 10, Article II, Section 101-15e and the Fort Wood guidelines, no home shall have a six foot (6 ft) fence of any kind, nor shall the design of the fence be unapproved by the Fort Wood Homeowners Association Design Guidelines.

3. McDaniels own a one hundred pound (100 lb.) Cane Corso dog. The dog is a registered support animal attached to Crystal McDaniel for trauma and other related issues. The dog is also a protective guard dog for the family.

4. The guideline violates the constitutional rights of homeowners, invitees, and lessees by denying those qualified under the Americans with Disabilities Act and the



Fair Housing Act the opportunity to maintain and safeguard animals who qualify to protect them.

5. The Fort Wood Design Guidelines unfairly and improperly distinguish between disabled and non-disabled individuals by restricting fencing designed to protect people with disabilities.

## JURISDICTION AND VENUE

6. Plaintiffs bring this action pursuant to T.C.A. §29-14-102, the First, Fourth and Fourteenth Amendment to the U.S. Constitution, and Article I, Section 7, 8, 19, 22, and Article XI, Section 8 of the Tennessee Constitution.

7. Further, Plaintiffs bring this action under 42 U.S.C §1983 to redress the deprivation under color of law, those rights secured by the U.S. Constitution. This Court has concurring jurisdiction over the federal constitutional claims as held in Martinez v. California, 444 U.S. 277 (1980).

8. This Court has subject-matter jurisdiction and venue is proper pursuant to T.C.A §16-11-101, et seq., 29-1-101, and 29-14-102(a).

9. This Court has authority to enter a declaratory judgment and to provide permanent injunctive relief pursuant to T.C.A. §§29-1-101, 29-14-102(a), 29-14-103 and Tenn. R. Civ. P., Rul. 65, et seq.

10. Plaintiffs are residents of Chattanooga, Tennessee, Hamilton County Tennessee.

11. City of Chattanooga is a municipality located in Hamilton County, Tennessee. The City of Chattanooga can be served with process as: Office of the City Attorney, 110 E. 11th St., 2nd Floor City Call Annex, Suite 200, Chattanooga, Tennessee 37402.

12. Fort Wood Homeowners Association if an association of property owners holding present possessory right, title, and interest in lots located in an area known as Fort Wood within the city of Chattanooga.

13. The McDaniels moved to Chattanooga and leased the property located at 511 Central Avenue (the "Property). The Property's front access door is located directly on Central Avenue. Hence the Property's address.

14. The McDaniels leased the Property from its owner subject to the ability to construct a privacy fence to aid in containing their 100 lb. Cane Corso dog. The dog responds when taunted, challenged, or other eye contact is made by passersby. When the dog is outside, he is on protective duty.

15. The Fort Wood Neighborhood Association, Inc. objects to the privacy fence. The HOA caused a Chattanooga Historic Zoning Meeting vote to occur.

16. This meeting was held on or about March 21, 2024.

17. The conclusion of the meeting was that the privacy fence installed by McDaniels violated the ordinance and is non-descript and vague terms of reference as there is no definition of 'fence' or 'privacy fence' and certainly no definition of 'disabled individual,' 'service animals' or 'fencing.'

18. The decision of the Zoning Commission was to deny the fencing and instruct that it be removed and something else put in place despite the substantial cost surrounding a six foot privacy fence and the inconvenience to the McDaniels who were assure the fencing was appropriate and in line with the other fences in the neighborhood, also subject to the zoning issues.

## CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT

19. Plaintiffs incorporate all other paragraphs of this Complaint and Appeal herein by reference.

20. The Zoning guideline violates numerous constitutional rights under both the United States Constitution and the Tennessee Constitution, as well as state and federal laws as alleged herein.

21. Plaintiffs seek a judgment declaring the Zoning guideline unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT II: VIOLATION OF 42 U.S.C. §1988

22. Plaintiff incorporates all other paragraphs of this Appeal and Complaint herein by reference.

23. The Zoning Guidelines violates Plaintiff's civil rights, including, but not limited to, numerous violations of state and federal laws and the provisions of the United States Constitution and Tennessee Constitution.

24. 42 U.S.C. §1988 authorizes courts to award reasonable attorney's fees to prevailing parties in civil rights litigation.

25. The City of Chattanooga has violated numerous civil rights afford to Plaintiffs including, but not limited to, freedom to be free of discriminatory treatment under color of law from being discriminated against because of a disability; freedom from being discriminated against under Fair Housing Authority legislation which protects disabled individuals from discriminatory treatment; freedom from being discriminated against as a disabled person by enacting public legislation which excludes disabled individuals from participating.

26. Based on the foregoing, Plaintiffs are entitled to an award of their attorney's fees and costs should they prevail on one or more of their claims herein.

## COUNT III: VIOLATION OF ARTICLE I, SECTION 21 OF THE TENNESSEE CONSTITUTION – TAKINGS CLAUSE

27. Plaintiff incorporates all other paragraphs of the Appeal and Complaint herein by reference, Article I, Section 21 of the Tennessee Constitution encompasses regulatory takings.

28. A regulatory taking is a regulation that deprives a property owner of an economic benefit.

29. The Zoning guideline discriminates against property owners in Chattanooga, Fort Wood Neighborhood Association, Inc. for the reasons espoused in the Appeal and Complaint, but also, it ultimately prohibits property owners from freely exercising their right to rent their property or from renters to sub-lease as allowed by property owners.

30. Further, the Zoning guideline discriminates between disabled and non-disabled individuals.

31. The Zoning guideline does not afford those individuals with disabilities the opportunity to exercise their rights to choose their protective devices.

32. Further, the Zoning Guideline improperly regulates fencing.

33. These discriminatory provisions harm Plaintiffs in that they suffer an impermissible loss of their rights and of their personal dignity.

## COUNT IV: VIOLATION OF U.S. CONST. AMEND. 14 and ARTICLE I, SECTION 8 and ARTICLE XI, SECTION 8 OF THE TENNESSEE CONSTITUTION(EQUAL PROTECTION)

34. Plaintiff incorporates all other paragraphs of this Appeal and Complaint herein by reference.

35. Plaintiff, as an association of citizens, have a fundamental right to equal protection under the law, both in the United States Constitution and Tennessee Constitution.

36. The Zoning Guideline discriminates arbitrarily against disabled individuals and non-disabled individuals.

37. The Zoning guideline improperly discriminates because it allows non-disabled individuals to erect a fence consistent with their abilities but denies the same opportunity to disabled individuals.

38. The Zoning Guideline discriminates because it imposes two different standards.

39. The Zoning Guideline further discriminates against similarly situated disabled and non-disabled residents whether owners or lessees dependent upon whether the property maintains an access point within Fort Wood as opposed to its access point originating on outlier streets of Chattanooga such as 511 Central Avenue (the Property in question) with front access on Central Avenue.

40. Disabled owners like the McDaniels are improperly singled out.

## COUNT V: VIOLATION OF U.S. CONST. ART. I, § 10 (CONTRACTS CLAUSE) AND ARTICLE I, SECTION 20 OF THE TENNESSEE CONSTITUTION(CONTRACTS CLAUSE)

41. Plaintiff incorporates all other paragraphs of this Appeal and Complaint herein by reference.

42. Under the United States Constitution and Tennessee Constitution, no law shall be passed to impair the obligations of contracts.

43. The use of real estate is a fundamental right of a property owner.

44. McDaniels and similarly situated property owners have a fundamental right to enter into contracts, such as leases, contracts for service such as fence building, and similar contracts designed to facilitate a homeowner or lessee's residential life.

45. The Zoning guideline imposes undue burdens on property owners by preventing owners from entering into contractual agreements to erect fences or execute leases with disabled individuals who may have special needs such as for a privacy fence to contain their service animal and guard dog.

46. Further the Zoning guideline has impaired existing contracts, has restricted the ability of disabled individuals to address their safety and trauma concerns through the maintenance of a support animal within a protective environ which protects society at large and the disabled resident; all while allowing the disabled resident to adhere to his/her lease agreement.

## COUNT VI: VOID FOR VAGUENESS AND ARBITRARY ENFORCEMENT VIOLATING DUE PROCESS

47. Plaintiff incorporates all other paragraphs of this Appeal and Complaint herein by reference.

48. The Zoning guideline violates due process rights enshrined in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Tennessee Constitution.

49. First, the Zoning Guideline allows non-property interest holders authority to dictate and enforce upon individuals permissions which impair their disability rights.

50. The Zoning guideline then forces the disabled property interest holder to seek a determination from a judiciary body.

51. The provisions of the Zoning guideline, particularly where non-professional individuals sit and impose their 'opinion' of whether a fence is appropriate or not in lieu of professionals and discussions of the same prior are arbitrary provisions.

52. The provisions are unconstitutional as vague for failing to define fencing, appropriate fencing for disabled individuals, and notice of violation or even how investigations are initiated and carried out regarding a residents disability and its association with a zoning item such as fencing.

53. The City can fine the Plaintiffs up to $50 per day for a perceived, unresolved violation.

54. Additionally, there is no mechanism which directs the appointment of a body with clear and non-arbitrary or capricious rules such that there is no unreasonable exercise of any type of police power the City could grant to a body as is currently in place.

55. As such the Zoning guideline is unconstitutional as supported by the City of Chattanooga Ordinances.

COUNT VII: APPEAL OF CITY ZONING COMMISSION DECISION

56. Plaintiff incorporates all other paragraphs of this Appeal and Complaint herein by reference.

57. Plaintiffs were instructed to lodge an appeal through Chancery Court (City Code Sec. 10-17 and 10-19).

58. This Appeal and Complaint is lodged for that purpose.

59. McDaniels believe the Zoning guideline is unconstitutional and impairs their rights as lessees with present possessory property rights to 511 Central Avenue having committed no infraction or violation.

60. The McDaniels appeal the decision of the City of Chattanooga Zoning Commission.

## PRAYER FOR RELIEF

1. That the Court declare the Zoning Guideline restricting the type of fencing used by residents as unconstitutional;

2. That the Court enter an order permanently enjoining the City of Chattanooga from enforcing the Zoning guideline for Fort Wood Neighborhood Association, Inc. and its associated Code Section.

3. For the costs and expenses of this action, plus attorney's fees allowed pursuant to 42 U.S.C. §1988, T.C.A. §29-14-111, and T.C.A. §29-16-123(b);

4. For any such other and further relief deemed just and equitable.

RESPECTFULLY SUBMITTED:

BOWE & ASSOCIATES, PLLC

By: _____
Curtis L. Bowe, III (BPR 017037)
Attorney for Jennifer Crystal McDaniel
Attorneys for Nelson Wayne McDaniel
6120 Shallowford Road, Suite 107
Chattanooga, Tennessee 37421
423.475.6070/423.475.6072

## VERIFICATION BY PLAINTIFF

Pursuant to Tenn. Rul. Civ. P., Rule 72, Crystal McDaniel Declare that the Verified Complaint is true and accurate to the bet of my knowledge, information, and belief:

*Jennifer Crystal McDaniel*
JENNIFER CRYSTAL MCDANIEL

5/20/2024
DATE

## VERIFICATION BY PLAINTIFF

Pursuant to Tenn. Rul. Civ. P., Rule 72, Nelson McDaniel Declare that the Verified Complaint is true and accurate to the bet of my knowledge, information, and belief:

*Nelson Wayne McDaniel*
NELSON WAYNE MCDANIEL

5/20/2024
DATE

## eSignature Details

**Signer ID:** ZFeTTV9qwYfPeVqD8UAjmivj
**Signed by:** Nelson W McDaniel
**Sent to email:** mac_sword@hotmail.com
**IP Address:** 23.251.93.154
**Signed at:** May 20 2024, 2:32 pm EDT

**Signer ID:** wZmTp67ALusVyHDLkcged2pq
**Signed by:** Jennifer Crystal McDaniel
**Sent to email:** crystalmcdaniel0417@gmail.com
**IP Address:** 74.205.133.136
**Signed at:** May 20 2024, 2:38 pm EDT



# IN THE CHANCERY COURT FOR HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| JENNIFER CRYSTAL MCDANIEL and NELSON WAYNE MCDANIEL | : |
| Plaintiffs, | : Docket No. 24-0342 |
| v. | : Part 1 |
| CITY OF CHATTANOOGA AND FORTWOOD NEIGHBORHOOD ASSOCIATION, INC. | : |
| Defendants. | : |

## NOTICE OF APPEARANCE

Please take notice that Andrew Trundle (BPR No. 30381), Christopher McKnight (BPR No. 34351), and Azarius Yanez (BPR No. 36266), do hereby appear on behalf of the defendant, the City of Chattanooga, Tennessee in the above-captioned action before the Chancery Court of Hamilton County, Tennessee.

These attorneys are duly qualified to act as such under the laws of the State of Tennessee and are authorized to appear as such in proceedings before the Chancery Court of Hamilton County, Tennessee, under its rules of practice and procedure.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE

By: /s/ Andrew Trundle

ANDREW TRUNDLE (BPR #30381)
CHRISTOPHER MCKNIGHT (BPR #34351)
AZARIUS YANEZ (BPR #36266)
*Assistant City Attorneys*
100 E. 11th Street, Suite 200
Chattanooga, TN 37402
(423) 643-8250 (telephone)

(423) 643-8255 (facsimile)

*Attorneys for the City of Chattanooga*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a true and correct copy of the foregoing pleading by email and/or depositing same in the United States mail, postage prepaid, and addressed to the following:

Curtis L. Bowe, III, Esq.
Bowe & Associates, PLLC
6120 Shallowford Road, Suite 107
Chattanooga, TN 37421

Fort Wood Neighborhood Association, Inc.
c/o Its Registered Agent Stephen Neil
907 Oak Street
Chattanooga, TN 37403

This 4th day of June, 2024.

_____
ANDREW TRUNDLE
CHRISTOPHER MCKNIGHT
AZARIUS YANEZ

Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, TN 37402
(423) 643-8250
(423) 643-8255