UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| **JENNIFER CRYSTAL MCDANIEL** and **NELSON WAYNE MCDANIEL** | : | |
| Plaintiffs, | : | Case Number: 1:24-cv-00203 |
| v. | : | |
| **CITY OF CHATTANOOGA AND FORTWOOD NEIGHBORHOOD ASSOCIATION, INC.** | : | |
| Defendants. | : | |

## CITY OF CHATTANOOGA'S ANSWER TO COMPLAINT

Comes now Defendant, City of Chattanooga (the "City") by and through counsel, and for answer to the Verified Complaint for Declaratory and Injunctive Relief ("Complaint") filed against it by Plaintiffs, Jennifer Crystal McDaniel, and Nelson Wayne McDaniel (Plaintiffs"), state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the City upon which relief can be granted.

### SECOND DEFENSE

In answer to the specific allegations of the Complaint, the City responds as follows:

### INTRODUCTION

1. City admits that this lawsuit involves application of the Fort Wood Historic District Guidelines as applied in case HZ-23-190 regarding 511 Central Avenue. City lacks sufficient knowledge to form an opinion regarding a document known as the Fort Wood Design guidelines as referenced by Plaintiff.

2. City states that there is no code section for Chapter 10, Article II, Section 101-15e, but that Plaintiffs appear to be citing 10-15(e) which governs certificates of appropriateness for Chattanooga historic districts and is calculated to preserve the historical importance of period architecture for said historic districts. City denies that no home shall have a six foot fence of any kind, relevant fence guidelines state that new fences and walls should blend with materials and designs found in the district and on the property; height of the fence should not exceed average height of other fences and should not exceed three and a half feet in the front of the property or six feet in the rear of the property; and that privacy fences are not appropriate in front yards and in rear yards should relate in design to the buildings on site and to nearby fences. City denies that fence design must be approved by an entity called the Fort Wood Homeowners Association or comply with a document referred to as the Fort Wood Homeowners Association Design Guidelines.

3. City is without knowledge or information to form a belief as to Paragraph 3 of the Complaint.

4. City denies the allegations contained in paragraph 4 of the Complaint and strict proof is demanded.

5. City denies the allegations contained in paragraph 5 of the Complaint and strict proof is demanded.

## JURISDICTION AND VENUE

6. City is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint. As such, the same is denied and strict proof is herein demanded.

7. City is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint. As such, the same is denied and strict proof is herein demanded.

8. Paragraph 8 of the Complaint is admitted.

9. Paragraph 9 of the Complaint is admitted.

10. City is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint. As such, the same is denied and strict proof is herein demanded.

11. Paragraph 11 of the Complaint is admitted.

12. The allegations of Paragraph 12 do not relate to the City and require no response from the City.

13. City admits upon information and belief that the Plaintiffs moved to Chattanooga and leased the property located at 511 Central Avenue. City further admits that the front door of 511 Central Avenue faces Central Avenue.

14. City is without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 14 of the Complaint. As such the same is denied and strict proof is herein demanded.

15. City is without sufficient knowledge to state whether or not the codefendant objects to the privacy fence, so such is denied. City denies that the HOA caused the vote.

16. City admits that the regularly scheduled meeting of the Chattanooga Historic Zoning Commission was held on March 21, 2024.

17. City denies the allegations of Paragraph 17 as stated. The Chattanooga Historic Zoning Commission voted to deny the property a certificate of appropriateness regarding the fence. The City admits the specified terms are not defined in the Fort Wood Historic District Guidelines, although fence requirements are found in Section 3.5 of said Guidelines.

18. City admits that the decision of the Historic Zoning Commission was to deny the certificate of appropriateness and instruct its removal and/or replacement with a conforming fence. City is without sufficient information to admit or deny the remainder of the allegations in paragraph 18 of the Complaint, and as such those are denied, and strict proof is demanded.

## CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT

19. With respect to Paragraph 19, City incorporates by reference its previous responses to Paragraphs 1-18 of the Complaint pursuant to Rule 10.(C) of the Federal Rules of Civil Procedure as if fully set forth herein.

20. City denies the allegations in paragraph 20 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

21. City admits that Plaintiffs seek a judgment declaring the zoning guidelines unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association. City denies that Plaintiffs are correct in their assessment. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

### COUNT II: VIOLATION OF 42 U.S.C. §1988

22. With respect to Paragraph 22, City incorporates by reference its previous responses to Paragraphs 1-21 of the Complaint pursuant to Rule 10(C) of the Federal Rules of Civil Procedure as if fully set forth herein.

23. City denies the allegations in paragraph 23 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

24. City denies that it is liable for any attorney's fees under 42 U.S.C. §1988, and strict proof is herein demanded.

25. City denies the allegations in paragraph 25 of the Complaint and strict proof is demanded.

26. City denies the allegations in paragraph 26 of the Complaint and strict proof is demanded.

### COUNT III: VIOLATION OF ARTICLE I, SECTION 21 OF THE TENNESSEE CONSTITUTION – TAKINGS CLAUSE

27. With respect to Paragraph 27, City incorporates by reference its previous responses to Paragraphs 1-26 of the Complaint pursuant to Rule 10(C) of the Federal Rules of Civil Procedure as if fully set forth herein.

28. The allegations in Paragraph 27 of the Complaint attempt to state a principle of law rather than a factual allegation, but City denies that it is applicable to this case.

29. City denies the allegations in Paragraph 29 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

30. City denies the allegations in Paragraph 30 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

31. City denies the allegations in Paragraph 31 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

32. City denies the allegations in Paragraph 32 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

33. City denies the allegations in Paragraph 33 of the Complaint and strict proof is demanded.

# COUNT IV: VIOLATION OF U.S. CONST. AMEND. 14 and ARTICLE I, SECTION 8 and ARTICLE XI, SECTION 8 OF THE TENNESSEE CONSTITUTION (EQUAL PROTECTION)

34. With respect to Paragraph 34, City incorporates by reference its previous responses to Paragraphs 1-21 of the Complaint pursuant to Rule 10(C) of the Federal Rules of Civil Procedure as if fully set forth herein

35. City admits generally that individuals have a right to equal protection under the law, but denies that City has violated any such rights or that Plaintiffs are an association of citizens.

36. City denies the allegations in Paragraph 36 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

37. City denies the allegations in Paragraph 37 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

38. City denies the allegations in Paragraph 38 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

39. City denies the allegations in Paragraph 39 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

40. City denies the allegations in Paragraph 40 of the Complaint, including that the McDaniels are owners, and strict proof is demanded.

# COUNT V: VIOLATION OF U.S. CONST. ART. I § 10 (CONTRACTS CLAUSE) AND ARTICLE I, SECTION 20 OF THE TENNESSEE CONSTITUTION (CONTRACTS CLAUSE)

41. With respect to Paragraph 41, City incorporates by reference its previous responses to Paragraphs 1-40 of the Complaint pursuant to Rule 10(C) of the Federal Rules of Civil Procedure as if fully set forth herein.

42. City denies that the allegations in Paragraph 42 are applicable in this case and would state the Plaintiff's application of the contracts clause is erroneous.

43. The allegations in Paragraph 43 of the Complaint attempt to state a principle of law rather than a factual allegation, but City denies that it is applicable to this case.

44. City denies that the McDaniels are property owners and further denies that there is unfettered, unrestricted ability to contract to build anything Plaintiffs please simply because they contracted to do so.

45. City denies the allegations in Paragraph 45 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

46. City denies the allegations in Paragraph 46 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

# COUNT VI: VOID FOR VAGUENESS AND ARBITRARY ENFORCEMENT VIOLATING DUE PROCESS

47. With respect to Paragraph 47, City incorporates by reference its previous responses to Paragraphs 1-46 of the Complaint pursuant to Rule 10(C) of the Federal Rules of Civil Procedure as if fully set forth herein.

48. City denies the allegations in Paragraph 48 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

49. City denies the allegations in Paragraph 49 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

50. City denies the allegations in Paragraph 50 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

51. City denies the allegations in Paragraph 51 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

52. City denies the allegations in Paragraph 52 of the Complaint and strict proof is demanded.

53. City admits that fines of fifty dollars ($50) per day can be assessed for violation of city ordinances.

54. City denies the allegations in Paragraph 54 of the Complaint and strict proof is demanded.

55. City denies the allegations in Paragraph 55 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

## COUNT VII: APPEAL OF CITY ZONING COMMISSION DECISION

56. With respect to Paragraph 56, City incorporates by reference its previous responses to Paragraphs 1-55 of the Complaint pursuant to Rule 10(C) of the Federal Rules of Civil Procedure as if fully set forth herein.

57. City admits that Plaintiffs were apprised that they could seek judicial review.

58. No response is necessary.

59. City denies the allegations in Paragraph 54 of the Complaint and strict proof is demanded. City also notes that the term "Zoning guidelines" is not defined and is not the title of any known City publication.

60. No response is necessary.

## PRAYER FOR RELIEF

61. City states that no answer is necessary from it with respect to the prayer for relief, but to the extent that an answer may be required, the City denies that the Plaintiffs are entitled to any of the relief sought in the Complaint and prays that the Complaint be dismissed.

## THIRD DEFENSE

The City denies that Chattanooga City Code, Chapter 10, Article II, Section 10-15e discriminates against disabled individuals.

## FOURTH DEFENSE

The City asserts that Plaintiffs lack standing for this Court to consider Count III of their Complaint as there is no property interest that has been taken from the Plaintiffs. They are not the owners of the property and do not have sufficient standing to bring a claim under Count III of their complaint.

## FIFTH DEFENSE

The City asserts that Plaintiffs have failed to join a required party, namely their landlord and the owner of the subject property, pursuant to FRCP 12(b)(7) and 19.

## SIXTH DEFENSE

The City asserts the affirmative defenses of unclean hands, illegality, and assumption of the risk due to the fact that Plaintiffs failed to comply with Chattanooga Ordinance §10-15 requiring prior approval of any proposed exterior alteration or improvement within the historic district and proceeded to have a noncompliant fence built and that this failure to follow the legal ordinance of the City is the ultimate cause of their damages.

WHEREFORE, having fully answered, the City prays that this cause filed against it be dismissed and that it be allowed to recover reasonable costs and attorney fees pursuant to 42 U.S.C. § 1988 and Tenn. Code Ann. § 29-20-113 for its defense and representation in this matter.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE

By:    s/ ANDREW TRUNDLE
      ANDREW TRUNDLE (BPR #30381)
      AZARIUS YANEZ (BPR #36266)
      *Assistant City Attorneys*
      100 E. 11th Street, Suite 200
      Chattanooga, TN 37402
      (423) 643-8250 (telephone)
      (423) 643-8255 (facsimile)

      *Attorneys for the City of Chattanooga*

# CERTIFICATE OF SERVICE

This is to certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

>Curtis L. Bowe, III, Esq.
>Bowe & Associates, PLLC
>6120 Shallowford Road, Suite 107
>Chattanooga, TN 37421
>
>Fort Wood Neighborhood Association, Inc.
>c/o Its Registered Agent Stephen Neil
>907 Oak Street
>Chattanooga, TN 37403
>
>Fort Wood Neighborhood Association, Inc.
>c/o Diana Davies
>806 Vine Street
>Chattanooga, TN 37403

This 11th day of July, 2024.

s/ ANDREW TRUNDLE
ANDREW TRUNDLE
AZARIUS YANEZ

Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, TN  37402
(423) 643-8250
(423) 643-8255