UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JENNIFER CRYSTAL MCDANIEL and NELSON WAYNE MCDANIEL, <br><br>    Plaintiffs, <br><br>v. <br><br>CITY OF CHATTANOOGA and FORT WOOD NEIGHBORHOOD ASSOCIATION, INC., <br><br>    Defendants. | CASE NO. 1:24-CV-203 <br><br> Judge Travis R. McDonough <br><br> Magistrate Susan K. Lee |

## ANSWER OF FORT WOOD NEIGHBORHOOD ASSOCIATION, INC.

**COMES** the Defendant, Fort Wood Neighborhood Association, Inc., (hereinafter "FWNA") having been served in this cause, answers as follows:

### FIRST DEFENSE

Responding to the numbered allegations of the Complaint, FWNA responds as follows:

1). Paragraph 1 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

2). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4). The allegations of Paragraph 4 of the Complaint are denied.

5). The allegations of Paragraph 5 of the Complaint are denied.

6). Paragraph 6 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

7). Paragraph 7 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

8). Paragraph 8 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

9). Paragraph 9 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

10). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11). The allegations of Paragraph 11 of the Complaint are admitted.

12). FWNA admits the allegations of Paragraph 12 of the Complaint. It is noted, however, that FWNS is a not-for-profit corporation.

13). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15). FWNA denies the allegations of Paragraph 15 of the Complaint.

16). FWNA denies the allegations of Paragraph 16 of the Complaint.

17). FWNA denies the allegations of Paragraph 17 of the Complaint as stated.

18). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint. However, FWNA has no authority to approve, deny or otherwise make legal or zoning decisions in any way whatsoever.

19). FWNA incorporates its defenses to Paragraphs 1 through 18 herein.

20). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21). Paragraph 21 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

22). FWNA incorporates by reference and restates herein as if restated verbatim its defenses to Paragraphs 1 through 21 herein.

23). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24). Paragraph 24 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

25). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint. However, FWNA took no actions whatsoever with respect to Plaintiffs.

26). FWNA denies the allegations of Paragraph 26 of the Complaint.

27). FWNA incorporates by reference all allegations to Paragraphs 1 through 26 of the Complaint previously set forth herein.

28). Paragraph 28 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

29). FWNA denies the allegations of Paragraph 29 of the Complaint.

30). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint. In any event, FWNA took no action with respect to the Plaintiffs and as such, the allegations of Paragraph 30 are denied.

31). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint. However, the allegations of Paragraph 31 as it relates to FWNA are denied.

32). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint. However, the allegations of Paragraph 31 as it relates to FWNA are denied.

33). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint. However, the allegations of Paragraph 31 as it relates to FWNA are denied.

34). FWNA incorporates its defenses to Paragraphs 1 through 33 herein inclusive as though restated herein and incorporated by reference.

35). Paragraph 35 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

36). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint. However, FWNA took no steps of any kind whatsoever related to the Plaintiffs as a part of its association meetings.

37). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint. However, FWNA took no steps of any kind whatsoever related to the Plaintiffs as a part of its association meetings.

38). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint. However, FWNA

took no steps of any kind whatsoever related to the Plaintiffs as a part of its association meetings.

39). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint. However, FWNA took no steps of any kind whatsoever related to the Plaintiffs as a part of its association meetings.

40). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint. However, FWNA took no steps of any kind whatsoever related to the Plaintiffs as a part of its association meetings.

41). FWNA incorporates all defenses set forth previously herein as it relates to allegations in Paragraphs 1 through 40 of the Complaint inclusive.

42). Paragraph 42 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

43). Paragraph 43 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

44). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint. However, FWNA took no steps whatsoever as it relates to the Plaintiffs as a part of its regular business meetings.

45). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint. However, FWNA took no steps whatsoever as it relates to the Plaintiffs as a part of its regular business meetings.

46). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint. However, FWNA took no steps whatsoever as it relates to the Plaintiffs as a part of its regular business meetings.

47). FWNA incorporates all defenses set forth previously herein as it relates to allegations in Paragraphs 1 through 46 of the Complaint inclusive.

48). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint.

49). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint. However, FWNA took no action as it relates to Plaintiffs or Plaintiffs' property rights.

50). FWNA is not a governmental entity and lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint.

51). FWNA denies the allegations of Paragraph 51 of the Complaint as framed. FWNA takes no action as it relates to the right of individuals with respect to the individuals' property interest.

52). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint. However, FWNA denies it took any action as it relates to Plaintiffs.

53). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint.

54). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint.

55). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.

56). FWNA incorporates all defenses set forth previously herein as it relates to allegations in Paragraphs 1 through 55 of the Complaint inclusive.

57). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint.

58). Paragraph 58 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied.

59). Paragraph 59 of the Complaint is not a statement of fact and, therefore, needs to be neither admitted nor denied. However, FWNA denies that it took any action with respect to the interest in the Plaintiffs' property rights of any kind whatsoever.

60). FWNA lacks sufficient information or knowledge with which to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint.

**WHEREFORE,** having fully answered, FWNA states as follows:

1). It is not a proper party for the Plaintiff to incorporate in a lawsuit for declaratory judgment about zoning guidelines of the City of Chattanooga;

2). That it takes no position relative to the enforcement of zoning ordinances in the City of Chattanooga inasmuch as FWNA is a not-for-profit corporation and that it has no authority to govern or to regulate use of property of private landowners;

3). FWNA denies that it is responsible for any cost or attorney fees under 42 U.S.C § 1988, T.C.A. §29-14-111 and/or T.C.A §29-16-123(b); and

4). FWNA should be dismissed from this lawsuit and prays for a dismissal with prejudice from this cause.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: s/Gunner L. Garner
    **DAVID W. NOBLIT (TN BPR # 006685)**
    **GUNNER L. GARNER (TN BPR #040254**
    Tallan Building, Suite 500
    200 W. M.L. King Blvd.
    Chattanooga, TN 37402-2566
    (423) 265-0214 / (423) 266-5490 – Fax
    david.noblit@leitnerfirm.com
    gunner.garner@leitnerfirm.com
    *Attorneys for Defendant,*
      *Fort Wood Neighborhood Association, Inc.*

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, do hereby certify that the foregoing ANSWER was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      Curtis Lee Bowe, III, Esq. (TN BPR #017037)
**BOWE & ASSOCIATES, PLLC**
6120 Shallowford Road, Suite 107
Chattanooga, Tennessee 37421
(423) 475-6070
(423) 475-6072 - Fax
*Attorney for Plaintiffs*

      Andrew S. Trundle (TN BPR #030381)
Azarius J. Yanez (TN BPR #036266)
**OFFICE OF THE CITY ATTORNEY**
*Assistant City Attorneys*
100 E. 11th Street, Suite 200
Chattanooga, TN 37402
(423) 643-8250
(423) 643-8255 - Fax
*Attorneys for Defendant, City of Chattanooga*

This the 13th day of September, 2024.

      By:    s/Gunner L. Garner
              **DAVID W. NOBLIT (TN BPR # 006685)**
              **GUNNER L. GARNER (TN BPR #040254**