UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JENNIFER CRYSTAL MCDANIEL AND NELSON WAYNE MCDANIEL, | * * |
| *Plaintiffs,* | • CASE NO. 1:24-cv-203 * * |
| v. | * Judge Charles E. Atchley, Jr. * * |
| CITY OF CHATTANOOGA AND FORTWOOD NEIGHBORHOOD ASSOCIATION, INC. | * Magistrate Michael Dumitu * * * |
| *Defendants.* | * |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Come now, Plaintiffs Jennifer Crystal McDaniel ("J. McDaniel") and Plaintiff Nelson McDaniel ("N. McDaniel" collectively, "the McDaniels") Petitioner"), by and through counsel, and pursuant to Fed. Rul. Civ. P., Rule 15(c)(1)(B)and (C); Rule 19(1)(B)(1) and (2); or Rule 20 (a)(2) (A) and (B) hereby respectfully move this Court for leave to Amend the Complaint for Discrimination. In support of his motion to amend, Plaintiffs state as follows:

1. On May 20, 2024, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief based on Discrimination and Violation of the Americans with Disabilities Act against the City of Chattanooga, and the Fort Wood Neighborhood Association.[1] The Complaint, Docket Number 24-0342 was filed in the Hamilton County Circuit Court, Chattanooga, Tennessee. That document was removed to the United States Federal Court for the Eastern District, at Chattanooga and assigned to Magistrate Judge Michael Dumitru. [Doc. 1].

2. At the time of the filing, Plaintiffs did not believe they needed to include the

---
[1] Fort Wood Neighborhood Association now dismissed by agreement of the parties [Doc. 27].

Landlord, JW Holdings, LLC, as no information had been discovered regarding JW Holdings, LLC's part in the denial of the fence requested by Plaintiffs to contain their service animal. Currently, Plaintiffs believe based on various recent conversations, that JW Holdings, LLC may be a necessary and indispensable party as defined by Fed. Rul. Civ. P., Rule 19 and Rule 20.

3. Plaintiffs now believe based on certain disclosures from the City of Chattanooga and the now dismissed Fort Wood Neighborhood Association that JW Holdings, LLC and the owner of the property located at 511 Central Avenue, Chattanooga, Tennessee the subject property wherein the Plaintiffs installed a fence capable of retaining their service animal.

4. Plaintiffs seek leave to amend to ensure that all necessary and indispensable parties to the claims and defenses lodged in this cause have been brought before the Court and no adjudication be made prior to having all interested parties before the Court.

5. Plaintiffs also seek to Amend the Complaint and respectfully requests leave to lodge an Amended Complaint clarifying the status and legal character of the animal subject to the dispute regarding fencing which restrains the animal to a bounded area as well as assigns liability for any issues approving a fence to the appropriate party.

6. This is Plaintiffs' first request for leave to Amend the Complaint.

A. AMENDMENTS ARE FAVORED

In Tennessee, *Stephens v. Home Depot U.S.A., Inc*., 529 S.W.3d 63, 2016 Tenn. App. LEXIS 923, 2016 WL 6996364 analyzed amendments to pleading Rule 15.01 governs amendments. It provides, in relevant part:

A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is

permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served. Otherwise, a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; *and leave shall be freely given when justice so requires*.

Tenn. R. Civ. P. 15.01 (emphasis added). This rule "applies equally to plaintiffs and defendants who seek to amend their pleadings." *Pratcher*, 407 S.W.3d at 741. The Tennessee Supreme Court has "emphasized the liberality of this rule where pre-trial amendments are sought." *Gardiner v. Word*, 731 S.W.2d 889, 891 (Tenn. 1987). According to the Court, the rule "'needs no construction, it means precisely what it says, that leave shall be freely given.'" *Id.* (quoting *Branch v. Warren*, 527 S.W.2d 89, 92 (Tenn. 1975)).

Tennessee courts adhere to "the time-honored principle that 'the determination of whether to allow an amendment to the pleadings is left to the sound discretion of the trial court.'" *Pratcher*, 407 S.W.3d at 741 (quoting *George v. Bldg. Materials Corp. of Am.*, 44 S.W.3d 481, 486 (Tenn. 2001)). "Trial courts have broad authority to decide motion to amend pleadings and will not be reversed absent an abuse of discretion." *Id.* (citing *Hawkins v. Hart*, 86 S.W.3d 522, 532 (Tenn. Ct. App. 2001)). This standard of review does not allow us to substitute our judgment for that of the trial court. *Id.* at 742. However, the liberal language of Rule 15.01 has "substantially lessened the exercise of pre-trial discretion on the part of the trial judge." *Gardiner*, 731 S.W.2d at 891.

Numerous factors should guide a trial court's discretionary decision regarding whether to allow a late-filed amendment, including "undue delay, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments and futility of the amendments." *Pratcher*, 407 S.W.3d at 741 (citing *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979)).

Similarly, this Honorable Court's analysis is governed by Fed. Rul. Civ. P., Rule 15. Under Rule 15, leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This mandate follows the principle that a plaintiff's claims should be decided on the merits "rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

Sixth Circuit precedent clearly "manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, "the leave should, as the rules require, be freely given." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Granting permission to amend a pleading is within the district court's sound discretion. *Moore*, 790 F.2d at 559 (internal citations omitted). This Honorable Court should find that Rule 15's liberal standard of allowing amendments is not overcome by any other considerations under the circumstances of this case. Accordingly, Plaintiffs' Motion to Amend must be **GRANTED.**

## B. JW HOLDINGS, LLC IS AN INDISPENSABLE AND NECESSARY PARTY

The Sixth Circuit uses a three-part test to determine whether:

A party is indispensable under Rule 19. Laethem Equip. Co. v. Deere & Co., 485 F. App'x 39, 43 (6th Cir. 2012). "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." Glancy v. Taubman Centers, Inc., 373 F.3d 656, 666 (6th Cir.2004). "Second,

if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." Id . "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should in equity and good conscience dismiss the case because the absentee is indispensable." Id. (internal citation and quotation marks omitted).

*1. JW Holdings, LLC as a Necessary Party*

A party is necessary under Rule 19 if either:

(1) in the party's absence, the court cannot accord complete relief among existing parties, Fed. R. Civ. P. 19(a)(1)(A), or (2) if the party claims an interest relating to the subject of the action and disposing of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest, Fed. R. Civ. P. 19(a)(1)(B).

In this instance, JW Holdings, LLC manages the property occupied by Plaintiffs at 511 Central Avenue. Laethem Equipment, 485 F. App'x at 44. JW Holdings, LLC  (1) "claims an interest relating to the subject of the action," and either (2) that proceeding in JW Holdings, LLC's absence may "as a practical matter impair or impede JW Holdings, LLC's ability to protect the interest" or (3) that proceeding in JW Holdings, LLC's absence may "leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations."

The legal requirements of each of these conditions establish whether an absent party as a necessary party.

*a. "Claims an Interest"*

Courts disagree about the import of the phrase "claims an interest relating to the subject of the action" in Rule 19(a)(1)(B), interpreting it in one of two ways. The first set of cases interprets the phrase as a requirement that the absent party affirmatively assert an interest in the subject matter of the litigation. E.g., Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 49 (2d Cir. 1996); Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 **[*531]** (9th Cir. 1983). The second set of cases indicate that the phrase requires that the absent party simply have a legal interest in the subject of the action. See, e.g., Shermoen v. United States, 982 F.2d 1312 (9th Cir. 1992); Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1310 (5th Cir. 1986). In contrast to the first set of cases, however, cases in the second set tend not to analyze the meaning of the phrase, eliding a discussion of the meaning of the text.has a legal interest and then moving on to a determination of subsections (i) and (ii) of Rule 19(a)(1)(B).

The limited relevant Sixth Circuit precedent indicates that the Sixth Circuit follows the second approach. In Jenkins v. Reneau, 697 F.2d 160 (6th Cir. 1983), the plaintiff, as an heir at law, employed defendant attorneys to bring an action against a nursing home following the death of his mother. At the time the lawsuit was filed, Jenkins had a sister who was the only other heir but not a party to the suit. Id. at 161. The defendants filed a motion to dismiss for failure to join an indispensable party as required by Rule 19. Id.

The Sixth Circuit found that the sister had a legal interest in the subject of the action, and found that she was a necessary party under Rule 19(a). Id. at 162-63. Because the Jenkins court never even considered whether the sister had affirmatively indicated any interest in the suit while still finding her to be a necessary party, an affirmative claim does not appear to be required in

the Sixth Circuit for Rule 19(a)(1)(B) to apply; all that is necessary under Rule 19(a)(1)(B) is a finding that an absent party has a legal interest in the subject of the action.

In this case, JW Holdings, LLC has an interest in the outcome of this decision as it is bound by the is bound by the Court's decision and has a contractual interest with Plaintiffs. It also has an interest on behalf of the property owners regarding the nature of the fence and any expense. That financial interest is great considering responsibility for the nature and type of fence may impact the agreement between the Plaintiffs and JW Holdings, LLC. As a result, JW Holdings, LLC is a necessary and indispensable party. Plaintiffs' motion must be **GRANTED.**

b. *"May as a Practical Matter Impair or Impede [JW Holdings, LLC's] Ability to Protect the Interest"*

Once an absent party is shown to "claim an interest," one of two showings must be made to demonstrate that absent party is a necessary party. The first showing is that proceeding without the absent party may "as a practical matter impair or impede the party's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). The most apparent risk to the absent party, JW Holdings, LLC, is the possibility of preclusive effect of any judgment in this case or the creation of otherwise adverse persuasive precedent. Many courts considering this risk have found that it amounts, as a practical matter, to impairing the absent party's interest. See, e.g., Global Disc. Travel Servs., LLC v. Trans World Airlines, Inc., 960 F. Supp. 701, 708 (S.D.N.Y. 1997) (opinion of Sotomayor, J.) (holding that the creation of "persuasive authority for another court's interpretation of the contract" at issue would "undoubtedly have a practical effect on any subsequent action brought by" the absent party); Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 409 (3d Cir. 1993) ("If issue preclusion or collateral estoppel could be

invoked against [the absent party] in other litigation, continuation of the federal action could 'as a practical matter impair or impede' [the absent party's] interests and so Rule 19(a)[(1)(B)(i)] would require its joinder if joinder were feasible."); HS Res., Inc. v. Wingate, 327 F.3d 432, 439 (5th Cir. 2003) ("[T]he presence of the [absent parties] is not required unless the judgment 'effectively precludes them from enforcing their rights and they are injuriously affected by the judgment.'" (quoting Hilton v. Atl. Ref. Co., 327 F.2d 217, 219 (5th Cir. 1964))); see generally William J. Katt, Comment, Res Judicata and Rule 19, 103 Nw. U. L. Rev. 401, 417 (2009). Other circuits hold that so long as the absent party's interests are adequately represented, the absent party's interests are not impaired by non-joinder. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc., 210 F.3d 246, 250-51 (4th Cir. 2000) ("If [a present party] is able adequately to represent [the absent party's] interest, we would be inclined to conclude that [the absent party's] ability to protect its interest is not impaired or impeded by its absence from this suit."); see also Katt, supra at 417 n.126 (explaining that the First and Ninth Circuits have conflicting precedent on this issue, some following the former approach and some following the latter).

It is not clear which approach the Sixth Circuit follows. According to Judge Moore in a section of Glancy v. Taubman Centers, Inc. that failed to obtain a majority of the panel, "[a]dequate representation should be considered as a part of the Rule 19(b) analysis, and not the threshold Rule 19(a) analysis." 373 F.3d 656, 668 (6th Cir. 2004). The implication is that to the extent an absent party could be impaired by preclusive effects of a judgment in a case sub judice, it is not appropriate for a court to consider the potentially ameliorative effects of adequate representation when considering Rule 19(a). This would suggest that the Sixth Circuit follows the former approach.

A different result, however, was reached by the Sixth Circuit in an unpublished opinion when the issue arose in American Express Travel Related Service, Co., Inc. v. Bank One-Dearborn, N.A. 195 Fed. App'x 458 (6th Cir. 2006). In that case, the third-party defendant, the Federal Reserve Bank of Chicago ("FRBC") moved to dismiss for failure to join Plus International Bank ("Plus"). Id. at 459. Under the regulation at issue, a finding of liability as to FRBC necessarily rendered the Plus liable to FRBC. Id. at 460. Plus therefore assumed FRBC's defense of the litigation. Id. As a result, the Sixth Circuit found that "Plus's interests [were] virtually identical to those of FRBC, and its defense of FRBC [would] allow Plus to protect its interests." Id. at 461. Further, the Sixth Circuit found that "Plus's interests [were] adequately represented by FRBC, and Plus would not be disadvantaged by not being joined as a party." As a result, the court held that the district court had abused its discretion in finding that Plus was a necessary party. Id.

The reasoning in American Express Travel Related Service, Co., Inc. to be highly persuasive. Rule 19(a)(1)(B) directs a court to consider whether proceeding without an interested absent party may "as a practical matter impair or impede the party's ability to protect the interest." The key language in Rule 19(a)(1)(B)(i) is "as a practical matter." Rule 19(a) "recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence." Fed. R. Civ. P. 19(a) advisory committee's note (emphasis added). If an absent party is adequately represented, then there is no practical prejudice to the absent party.

> *c. "Substantial Risk of Incurring Multiple or Otherwise Inconsistent Obligations"*

Simply put, an absent party is necessary under Rule 19(a)(1)(B)(ii) only if there is a risk that an existing party could be subject to incompatible obligations. "While it is true that the Federal Rules encourage the joinder of parties where such joinder would appear to avoid multiple actions or unnecessary delay and expense, this practice should not penalize bona fide litigants who have a valid cause of action, choose the forum which they think proper, and ask for specific relief." Field v. Volkswagenwerk AG, 626 F.2d 293, 302 (3d Cir. 1980). "Rule 19 does not speak of inconsistent 'results.' Rather, it speaks in terms of inconsistent 'obligations.'" Bedel v. Thompson, 103 F.R.D. 78, 81 (S.D. Ohio 1984). Consequently, whether a party faces the possibility of multiple actions -- and potentially even logically inconsistent judgments -- is irrelevant if the party is not at risk of inconsistent obligations. See, e.g., id.; Field, 626 F.2d 293, 301-02; 4 Moore's Federal Practice § 19.03[4][d] (Matthew Bender 3d ed.). Here JW Holdings, LLC is at risk of inconsistent obligations. It may be held responsible for replacing the fence. Alternatively, JW Holdings, LLC could lose the contract between it and the Plaintiffs as incapable of being performed both circumstances determined by litigation. Each circumstance and others, exposing JW Holdings, LLC to legal expenses, untold damages, or inconsistent judgments.

JW Holdings, LLC is exposed. It is therefore a necessary and indispensable party under Sixth Circuit analysis. As a result, Plaintiffs' motion must be **GRANTED.**

**WHEREFORE, BASED ON THE FOREGOING:**

Plaintiffs seek an Order allowing leave to Amend the Complaint for Declaratory and Injunctive Relief based on Discrimination and violation of the Americans with Disabilities

Act.to address the deceased canine and adding JW Holdings, LLC as an indispensable and necessary party.

RESPECTFULLY SUBMITTED:

By: s/CURTIS L. BOWE, III
Curtis L. Bowe, III
BPR#017037

**BOWE & ASSOCIATES, PLLC**
6120 Shallowford Road, Suite 107
Chattanooga, Tennessee 37402
Telephone: (423) 475-6070
Facsimile: (423) 475-6072
*Attorney for Jennifer McDaniel and Nelson McDaniel*

### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail and United States Mail to the following interested parties this the 14th day of March 2025.

**David Noblett, Esq.**
**Gunnar Garner, Esq.**
**Leitner Williams Dooley Napolitan PLLC**
**Tallan Building, Suite 500**
**200 West MLK Boulevard**
**Chattanooga, Tennessee 37402**

**Andrew Trundle, Esq.**
**Chritopher McKnight, Esq.**
**Azarius Yanez, Esq.**
**Office of the City Attorney**
**100 East 11th Street, Suite 200**
**Chattanooga, Tennessee 37402**

BY: s/CURTIS L. BOWE, III
Curtis L. Bowe, III, Esq.