# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JENNIFER CRYSTAL MCDANIEL AND NELSON WAYNE MCDANIEL, | * * |
| *Plaintiffs,* | • CASE NO. 1:24-cv-203 * * |
| v. | * Judge Charles E. Atchley, Jr. * * |
| CITY OF CHATTANOOGA AND FORTWOOD NEIGHBORHOOD ASSOCIATION, INC. | * Magistrate Michael Dumitu * * * |
| *Defendants.* | * |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Come now, Plaintiffs Jennifer Crystal McDaniel ("J. McDaniel") and Plaintiff Nelson McDaniel ("N. McDaniel" collectively, "the McDaniels") Petitioner"), by and through counsel, and pursuant to Fed. Rul. Civ. P., Rule 15(c)(1)(B)and (C); Rule 19(1)(B)(1) and (2); or Rule 20 (a)(2) (A) and (B) hereby respectfully move this Court for leave to Amend the Complaint for Discrimination. In support of their motion to amend, Plaintiffs state as follows:

1. On May 20, 2024, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief based on Discrimination and Violation of the Americans with Disabilities Act against the City of Chattanooga, and the Fort Wood Neighborhood Association.[1] The Complaint, Docket Number 24-0342 was filed in the Hamilton County Circuit Court, Chattanooga, Tennessee. That document was removed to the United States Federal Court for the Eastern District, at Chattanooga and assigned to Magistrate Judge Michael Dumitru. [Doc. 1].

---

[1] Fort Wood Neighborhood Association now dismissed by agreement of the parties [Doc. 27].

2. At the time of the filing, Plaintiffs did not believe they needed to include the Landlord, JW Holdings, LLC, as no information had been discovered regarding JW Holdings, LLC's part in the denial of the fence requested by Plaintiffs to contain their service animal. Currently, Plaintiffs believe based on various recent conversations, that JW Holdings, LLC may be a necessary and indispensable party as defined by Fed. Rul. Civ. P., Rule 19 and Rule 20.

3. Plaintiffs now believe based on certain disclosures from the City of Chattanooga and the now dismissed Fort Wood Neighborhood Association that JW Holdings, LLC and the owner of the property located at 511 Central Avenue, Chattanooga, Tennessee the subject property wherein the Plaintiffs installed a fence capable of retaining their service animal.

4. Plaintiffs seek leave to amend to ensure that all necessary and indispensable parties to the claims and defenses lodged in this cause have been brought before the Court and no adjudication be made prior to having all interested parties before the Court.

5. Plaintiffs also seek to Amend the Complaint and respectfully requests leave to lodge an Amended Complaint clarifying the status and legal character of the animal subject to the dispute regarding fencing which restrains the animal to a bounded area as well as assigns liability for any issues approving a fence to the appropriate party.

6. This is Plaintiffs' first request for leave to Amend the Complaint.

The Complaint must be Amended for several reasons. First, under Tennessee and Sixth Circuit law, Amendments are favored. Second, JW Holdings, LLC is a necessary and indispensable party that holds an interest. Fourth, the interest held may be impaired if JW Holdings, LLC is unable to participate in this litigation. Fifth, JW Holdings, LLC is at risk for incurring multiple or inconsistent obligations.

Granting permission to amend a pleading is within the district court's sound discretion. *Moore v. City of Paducah*, 790 F.2d at 559 (internal citations omitted). This Honorable Court should find that Rule 15's liberal standard of allowing amendments is not overcome by any other considerations under the circumstances of this case. Accordingly, Plaintiffs' Motion to Amend must be **GRANTED.**

In this case, JW Holdings, LLC has an interest in the outcome of this decision as it is bound by the is bound by the Court's decision and has a contractual interest with Plaintiffs. It also has an interest on behalf of the property owners regarding the nature of the fence and any expense. That financial interest is great considering responsibility for the nature and type of fence may impact the agreement between the Plaintiffs and JW Holdings, LLC. As a result, JW

It may be held responsible for replacing the fence. Alternatively, JW Holdings, LLC could lose the contract between it and the Plaintiffs as incapable of being performed both circumstances determined by litigation. Each circumstance and others, exposing JW Holdings, LLC to legal expenses, untold damages, or inconsistent judgments.

JW Holdings, LLC is exposed. It is therefore a necessary and indispensable party under Sixth Circuit analysis. As a result, Plaintiffs' motion must be **GRANTED.**

**WHEREFORE, BASED ON THE FOREGOING:**

Plaintiffs seek an Order allowing leave to Amend the Complaint for Declaratory and Injunctive Relief based on Discrimination and violation of the Americans with Disabilities Act.to address the deceased canine and adding JW Holdings, LLC as an indispensable and necessary party as set forth in the Amended Complaint filed herewith as Exhibit A.

**RESPECTFULLY SUBMITTED:**

By: s/CURTIS L. BOWE, III
Curtis L. Bowe, III
BPR#017037

**BOWE & ASSOCIATES, PLLC**
6120 Shallowford Road, Suite 107
Chattanooga, Tennessee 37402
Telephone: (423) 475-6070
Facsimile: (423) 475-6072
*Attorney for Jennifer McDaniel and Nelson McDaniel*

### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail and United States Mail to the following interested parties this the 24th day of March 2025.

David Noblett, Esq.
Gunnar Garner, Esq.
**Leitner Williams Dooley Napolitan PLLC**
**Tallan Building, Suite 500**
**200 West MLK Boulevard**
**Chattanooga, Tennessee 37402**

BY: s/CURTIS L. BOWE, III
Curtis L. Bowe, III, Esq.