UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| **JENNIFER CRYSTAL MCDANIEL** and **NELSON WAYNE MCDANIEL** | : | |
| Plaintiffs, | : | Case Number: 1:24-cv-00203 |
| v. | : | |
| **CITY OF CHATTANOOGA AND FORTWOOD NEIGHBORHOOD ASSOCIATION, INC.** | : | |
| Defendants. | : | |

### CITY OF CHATTANOOGA'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Comes now Defendant, City of Chattanooga (the "City") by and through counsel, and responds to Plaintiffs' Motion for Leave to Amend as follows:

1. The original deadline for Joinder of Parties and Amendments to the Pleadings in this case was December 3, 2024.

2. This deadline date was determined by the Parties and listed in the Report of Parties' Planning Meeting and Discovery Plan, filed October 6, 2024, discussed during a scheduling conference with the prior Magistrate on November 25, 2024, and again formalized in the Court's Scheduling Order.

3. Plaintiffs filed a Notice on February 3, 2025, regarding the death of the Plaintiffs original guard dog, Tank.

4. In response to this Notice, the Court set a status conference for March 7, 2025.

5. At the status conference, Plaintiffs agreed to amend their original Complaint to reflect that a new dog had been acquired. Plaintiffs also indicated a desire to amend their Complaint to add the owner of the property as a party to this case. The City indicated it may oppose this amendment as untimely, and the Court advised Plaintiffs to file a motion to amend its Complaint.

6. Plaintiffs were ordered to file the motion to amend within fourteen (14) days of the status conference and "to address not only the applicable standards for amending pleadings, **but also applicable standards for seeking an extension to a scheduling order deadline after it has expired.**" (emphasis added)

7. Plaintiffs initially filed Plaintiffs' Motion for Leave to Amend on March 14, 2025.

8. Said motion was dismissed without prejudice by the Court on March 21, 2025, for failure to comply with Local Rule 15.1, which requires a motion to amend a pleading attach a copy of the proposed amended pleading to the motion. Plaintiff was given until March 24, 2025 to refile the Motion.

9. Plaintiffs re-filed Plaintiffs' Motion for Leave to Amend and a Memorandum in Support on March 24, 2025.

10. On March 25, 2025, the Court contacted all counsel noting that Plaintiffs had not amended the required proposed amended complaint, and the issue should be corrected as soon as possible.

11. On March 26, 2025, Plaintiffs refiled Plaintiffs' Motion for Leave to Amend along with a new draft of their Complaint amended to the Memorandum in Support.

12. The attached proposed "Verified Complaint for Declaratory and Injunctive Relief" is unsigned by both Plaintiffs as well as Plaintiffs' Counsel, which may violate Local Rule 15.1 requiring a copy of the proposed amended pleading be attached to the motion.

13. The proposed Verified Complaint for Declaratory and Injunctive Relief that is attached to the refiled Motion for Leave to Amend does not purport to be an amended Complaint but instead distinguishes the changes from the original Complaint in this matter in bold typeface.

14. Plaintiffs' Memorandum in Support of Motion for Leave to Amend addresses the applicable standards for amending pleadings and provides bases for making amendments explaining the Plaintiffs' change in dog at issue in the case and for adding Plaintiffs' landlord(s) as an indispensable and necessary party.

15. Plaintiffs fail to address the applicable standards for seeking an extension to a scheduling order deadline after it has expired.

16. Federal Rule of Civil Procedure 16(b)(4) states, "A schedule may be modified only for good cause and with the judge's consent."

17. The 6th Circuit Court of Appeals has stated, "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements…Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)(quoting and citing *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001)).

18. The 6th Circuit Court of Appeals has clarified the diligence requirement, noting, "Modification is permitted under Rule 16 if Plaintiffs can demonstrate 'good cause' for their failure to comply with the original schedule, by showing that despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).

19. The 6th Circuit Court of Appeals reasserted these requirements in 2024, stating, "We have specified that district courts should measure 'good cause' mainly by reference to two factors. '[T]he moving party's diligence in attempting to meet the case management order's

requirements' is the 'primary measure,' but 'possible prejudice to the party opposing the modification' is also relevant." *Taylor v. Bristol-Myers Squibb Co.* (*In re Onglyza*)), 93 F.4th 339, 349 (6th Cir. 2024)(quoting *Inge* at 625).

20. In addition to updating the dog at issue in this case and adding Plaintiffs' landlord as an indispensable party (which was first asserted in the City's answer to the original Complaint), **Plaintiffs assert three new causes of actions against the City** in the proposed Verified Complaint for Declaratory and Injunctive Relief that is attached to the refiled Motion for Leave to Amend, listed as Court II "Violation of Americans With Disability Act", Count III "Violation of 42 U.S.C. § 1983, and Count IX "Violation of Fair Housing Act 42 U.S.C. § 3601 et seq."

21. **None of these new claims are based on information that was not available to Plaintiffs prior to December 3, 2024**, or even at the time of the filing of their initial Complaint.

22. Plaintiffs have offered no explanation for why they failed to allege these causes of actions prior to the deadline to amend pleadings, offered no showing of "good cause," and offered no proof of diligence in adding these claims.

23. The City asserts that it will be prejudiced by the addition of these new claims against the City.

For the above stated reasons, the City urges this Honorable Court to rule on Plaintiffs' Motion for Leave to Amend by requiring Plaintiffs to file an amended verified complaint that is identified as such, granting Plaintiffs' Motion with respect to updating the dog's information and adding the Plaintiffs' landlord as a party, and denying Plaintiffs' Motion for Leave to Amend with respect to proposed Counts II, III, and IX as untimely without cause or excuse.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE

By:    s/ Andrew Trundle
       ANDREW TRUNDLE (BPR #30381)
       CHRISTOPHER MCKNIGHT (BPR #34351)
       AZARIUS YANEZ (BPR #36266)
       *Assistant City Attorneys*
       100 E. 11th Street, Suite 200
       Chattanooga, TN 37402
       (423) 643-8250 (telephone)
       (423) 643-8255 (facsimile)

       *Attorneys for the City of Chattanooga*

## CERTIFICATE OF SERVICE

This is to certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

       Curtis L. Bowe, III, Esq.
       Bowe & Associates, PLLC
       6120 Shallowford Road, Suite 107
       Chattanooga, TN 37421

This 4th day of April, 2025.

                                       s/ Andrew Trundle
                                       ANDREW TRUNDLE
                                       CHRISTOPHER MCKNIGHT
                                       AZARIUS YANEZ

Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, TN 37402
(423) 643-8250
(423) 643-8255