UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JENNIFER CRYSTAL MCDANIEL and )
NELSON WAYNE MCDANIEL, )
 )
    Plaintiffs, )
 )
v. ) No. 1:24-cv-203-MJD
 )
CITY OF CHATTANOOGA, )
 )
    Defendant. )

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' motion for leave to file an amended complaint [Doc. 34 (motion); Doc. 35 (memorandum in support)].[1] Defendant City of Chattanooga (the "City") filed its response on April 4, 2025 [Doc. 36]. Plaintiffs have not filed a reply, and the time for so doing has now passed. *See* E.D. Tenn. L.R. 7.1. The motion is now ripe for review.

**I.    BACKGROUND**

The gravamen of this suit is the validity of the Fort Wood Historic District Guidelines (the "Guidelines") as applied to Plaintiffs' efforts to build a fence on the property located at 511 Central Avenue (the "Property"). Plaintiffs' original complaint alleges that they "leased the Property from its owner subject to the ability to construct a privacy fence to aid in containing their 100 lb. Cane Corso dog[,]" which "is on protective duty" when outside and "responds when taunted, challenged, or other eye contact is made by passerby." [Doc. 1-2, ¶ 14]. Plaintiffs did not at the time identify

---

[1] Plaintiffs initially filed a motion to amend on March 14, 2025 [Doc.30], which the Court denied without prejudice for failure to attach a proposed amended complaint [Doc. 31]. Plaintiffs then filed another motion to amend [Doc. 32 (motion); Doc. 33 (memorandum in support)], but inadvertently attached a document *other than* the proposed amended complaint [Doc. 32-1 (duplicate copy of memorandum in support)]. The Court therefore notified Plaintiffs' counsel and requested they correct the error. Plaintiffs then filed this third iteration of the motion.

the owner of the Property, which the Court now knows to be JW Holdings, LLC ("JWH") [Doc. 1-2, ¶ 13]. Plaintiffs further alleged that the Chattanooga Historic Zoning Commission (the "Zoning Commission") found Plaintiffs' request in violation of the Guidelines and therefore voted to deny the Property a certificate of appropriateness. Plaintiffs therefore filed this action on May 20, 2024 [Doc. 1-2 at Page ID # 7–15], and the City filed a notice of removal on June 21, 2024 [Doc. 1].

In their original complaint, Plaintiffs named only the City and the Fort Wood Neighborhood Association[2] as defendants [*id.*]. Plaintiffs assert that at the time they filed the complaint, they "did not believe they needed to include the Landlord, [JWH], as no information had been discovered regarding [JWH]'s part in the denial of the fence requested by Plaintiffs to contain their service animal." [Doc. 33 at Page ID # 133]. The original complaint identified seven causes of action: (1) declaratory judgment (Count I); (2) violation of 42 U.S.C. § 1988 (Count II); (3) violation of Article 1, Section 21 of the Tennessee Constitution (Count III); (4) violation of United States Constitution Amendment 14 and Article XI Section 8 of the Tennessee Constitution (Count IV); (5) violation of United States Constitution Article I Section 10 and Tennessee Constitution Article I Section 20 (Count V); (6) void for vagueness and arbitrary enforcement violating due process (Count VI); and (7) appeal of City Zoning Commission decision (Count VII) [Doc. 1-2 at Page ID # 9–14].

In its answer to the complaint, the City raised several affirmative defenses, including two that highlight the absence of JWH from the lawsuit: (1) "Plaintiffs lack standing for this Court to consider Count III of their Complaint as there is no property interest that has been taken from the

---

[2] Fort Wood Neighborhood Association was later dismissed by joint motion of the Parties and is no longer a party to this lawsuit [Doc. 27].

Plaintiffs[]" because "[t]hey are not the owners of the property and do not have sufficient standing to bring a claim under Count III of their complaint[;]" and (2) "Plaintiffs have failed to join a required party, namely their landlord and the owner of the subject property, pursuant to FRCP 12(b)(7) and 19." [Doc. 5 at Page ID # 34–35].

On October 6, 2024, the Parties filed a report documenting their meeting pursuant to Federal Rule of Civil Procedure 26(f), which includes a proposed "Joinder and Amendment" deadline of December 3, 2024 [Doc. 14 at Page ID # 66]. The litigation continued, and the Court entered a scheduling order on January 6, 2025 [Doc. 22], adopting the Parties' proposed deadline: "If any party wishes to join one or more additional parties or amend its pleadings, such motion for joinder or motion for leave to amend **SHALL** be filed by **December 3, 2024**." [*Id.* at Page ID # 86]. Thus, at the time the Court entered the scheduling order, the deadline to file a motion seeking leave to amend or join a party had already passed.

As of January 31, 2025, the Parties were engaged in discussions regarding "possible routes of resolution to be explored in the near future[]" and indicated their intent to "continue to work toward resolution among themselves and, if unsuccessful, [] attend mediation with an agreed-upon mediator on or before February 21, 2025." [Doc. 23]. On February 3, 2025, Plaintiffs filed a notice advising that the dog for which they hoped to build a fence "ha[d] been euthanized because of sudden illness[,]" but "a replacement service animal" was set to arrive the next day [Doc. 24]. The Court therefore convened a status conference, at which the Parties agreed Plaintiffs should amend their complaint to address their claims in the context of the new service dog [Doc. 29]. Plaintiffs' counsel noted during the conference that he may also seek leave to add JWH, and the City advised it would likely object. The Court therefore ordered Plaintiffs to file a motion to amend so that the City may formally lodge any objections it deemed necessary [Doc. 29].

## II. ANALYSIS

Federal Rule of Civil Procedure 15 directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Factors relevant in determining whether leave should be denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). "The standard for a motion to amend is governed by the general principle that 'cases should be tried on their merits rather than the technicalities of pleadings,' which is in turn moderated by the exception that judges should allow amendment only when doing so does not 'cause prejudice to the defendants' or undue delay." *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 732–33 (6th Cir. 2019) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Nevertheless, to "deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008).

Plaintiffs' motion references only two amendments to the complaint: (1) the addition of JWH as a party to the lawsuit; and (2) new allegations "clarifying the status and legal character of the animal subject to the dispute regarding fencing[.]" [Doc. 35 at Page ID # 148]. The City does not object to either of these amendments. [*See* Doc. 36 at Page ID # 179 ("For the above stated reasons, the City urges this Honorable Court to rule on Plaintiff's Motion for Leave to amend by .

. . granting Plaintiffs' Motion with respect to updating the dog's information and adding the Plaintiffs' landlord as a party[.]")].

The City does, however, object to several amendments, which Plaintiffs failed to address at all in their motion or by filing a reply—the inclusion of Count II (Violation of the Americans with Disabilities Act), Count III (Violation of 42 U.S.C. § 1983), and Count IX (Violation of Fair Housing Act) (together, the "New Claims")—on the grounds they are "untimely without cause or excuse" sufficient to satisfy Federal Rule of Civil Procedure 16 [Doc. 36 at Page ID # 179]. Specifically, the City asserts that "**[n]one of these new claims are based on information that was not available to Plaintiffs prior to December 3, 2024**, or even at the time of the filing of their initial Complaint." [*Id.* (emphasis in original)]. Finally, "[t]he City asserts that it will be prejudiced by the addition of these new claims against the City[,]" but does not provide any specificity as to the nature or extent of the alleged prejudice.

The Court understands and appreciates the City's arguments, but they lose some of their luster considering the City's acquiescence to Plaintiffs' request to join JWH. The City's main argument is that the Court should deny Plaintiffs' motion because Plaintiffs knew of the information giving rise to the New Claims prior to the deadline in the scheduling order. But the same can be said of Plaintiffs' knowledge of JWH. The City offers no compelling reason why one untimely amendment is any more prejudicial than another. Indeed, permitting Plaintiffs to assert the New Claims in this context will not unduly delay these proceedings any more than would the addition of a new party, especially considering the New Claims appear to arise from the same set of facts alleged in the original complaint.³ Finally, although Plaintiffs certainly could have filed

---

³ In fact, although not specifically enumerated as causes of action, the New Claims were referenced in the body of the original complaint. [*See* Doc. 1-2, ¶ 4 (alleging that the Guidelines violate "the

5

their motion sooner, the concern over timeliness is further mitigated by the Parties' memorialized efforts to resolve the case through, *inter alia*, mediation [Doc. 23]. Therefore, the Court cannot conclude there is "at least some significant showing of prejudice" to the City. *See Ziegler*, 512 F.3d at 786.

In light of Rule 15's command that leave be freely given, the Court finds that permitting Plaintiffs to amend the complaint in these circumstances would be consistent with "the general principle that 'cases should be tried on their merits rather than the technicalities of pleadings,'" *Atrium Health Sys.*, 922 F.3d at 732–33.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion to amend [Doc. 34]. The Court respectfully **DIRECTS** the Clerk's Office to **TERMINATE** Plaintiffs' prior motion to amend [Doc 32]. Plaintiffs shall file a fully executed and clean[4] version of the Proposed Amended Complaint [Doc. 35-1] as a separate docket entry within seven (7) days of the entry of this Order.

SO ORDERED.

ENTER:

_____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

constitutional rights of homeowners, invitees, and lessees by denying those qualified under the Americans with Disabilities Act and the Fair Housing Act the opportunity to maintain and safeguard animals who qualify to protect them.")].

[4] The Proposed Amended Complaint contains several highlighted portions and is not signed by counsel or Plaintiffs.