IN THE UNITED STATES DISTRICT COURT EASTERN

DISTRICT OF TENNESSEE

AT CHATTANOOGA

| | |
|---|---|
| CRYSTAL MCDANIEL AND NELSON MCDANIEL, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHATTANOOGA AND JW HOLDINGS, LLC, <br><br> Defendants. | ) ) ) ) NO. 1:24-cv-203-MJD ) ) ) ) ) ) ) ) ) |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Plaintiffs, Crystal McDaniel and Nelson McDaniel ("McDaniels" or "Plaintiffs"), and files this Complaint for Declaratory and Injunctive Relief against Respondents, the City of Chattanooga and Fort Wood HOA, Plaintiffs state:

## INTRODUCTION

1. Plaintiffs brings this lawsuit to challenge the propriety and constitutionality of Fort Wood Design guidelines as applied in case HZ-23-190 regarding 511 Central Avenue, Chattanooga, Tennessee.

2. According to Chattanooga City Code, Chapter 10, Article II, Section 101-15e and the Fort Wood guidelines, no home shall have a six foot (6 ft) fence of any kind, nor shall the design of the fence be unapproved by the Fort Wood Homeowners Association Design Guidelines.

3. At the time the McDaniels moved to Fort Wood and when the original Complaint was filed, , the McDaniels owned a one hundred pound (100 lb) Cane Corso dog. The dog was a registered service animal attached to Crystal McDaniel for trauma and other related

issues. The dog is also a protective guard dog for the family. That dog, "Tank" passed in November of 2025. The McDaniels, still in need of a service animal, purchased "Big", a trained service animal as evidenced by *Exhibit A* attached hereto.

4. Big is a Great Pyrenees. He is 100 pounds. He has been trained by John Hayes and Kaitlyn from The Dog Wizard, Chattanooga, Tennessee. John Hayes owns the Animal Behavioral Center where they train Big as a service dog specifically for J. McDaniel – watching for her seizures, signs of major panic attack in the form of eye darting, weaving around because of balance issues, retrieves items from the floor for J. McDaniel so she does not pass out, retrieves her phone from her purse so J. McDaniel can call 911 and retrieve her emergency meds and also braces to aid he in standing back up if she falls. Big is trained to find N. McDaniel if he is not with J. McDaniel and can assist in leading J. McDaniel to an exit.

5. He is incredibly agile, very strong, and protective of Plaintiff J. McDaniel. He is trained as a protective dog.

6. The guideline promulgated by the City of Chattanooga and managed by the Fort Wood Neighborhood association violates the constitutional rights of homeowners, invitees, and lessees by denying those qualified under the Americans with Disabilities Act and the Fair Housing Act the opportunity to maintain and safeguard animals who qualify to protect them.

7. The Fort Wood Design Guidelines unfairly and improperly distinguish between disabled and on-disabled individuals by restricting fencing designed to protect the disabled.

8. City of Chattanooga, a municipality, organized under the laws of the State of Tennessee and responsible for promulgating zoning ordinances like the ordinance which is the subject of this dispute.

9. JW Holdings, LLC is the leasing company responsible for disclosing all restrictions and other issues regarding the property to Plaintiffs as Lessees. JW Holdings, LLC failed to disclose any restrictions on fencing at 511 Central Avenue, Chattanooga, Tennessee.

## JURISDICTION AND VENUE

10. Plaintiffs bring this action pursuant to T.C.A. §29-14-102, the First, Fourth and Fourteenth Amendment to the U.S. Constitution, and Article I, Section 7, 8, 19, 22, Article XI, Section 8 of the Tennessee Constitution, the Americans with Disabilities Act, 42 U.S.C. 1983, 42 U.S.C. 1988, and Fair Housing Act 42 U.S.C. 3601 et seq..

11. , The guidelines violate the Americans with Disabilities Act codified at 42 U.S.C. 12101 et seq.

12. The guideline violates the Fair Housing Act codified at 42 U.S.C. 3601 et seq.

13. Further, Plaintiffs bring this action under 42 U.S.C §1983 to redress the deprivation under color of law, those rights secured by the U.S. Constitution. This Court has concurring jurisdiction over the federal constitutional claims as held in Martinez v. California, 444 U.S. 277 (1980).

14. This Court has subject-matter jurisdiction and venue is proper pursuant to T.C.A §16-11-101, et seq., 29-1-101, and 29-14-102(a).

15. This Court has authority to enter a declaratory judgment and to provide permanent injunctive relief pursuant to T.C.A. §§29-1-101, 29-14-102(a), 29-14-103 and Tenn. R. Civ. P., Rul. 65, et seq.

16. Plaintiffs are residents of Chattanooga, Tennessee, Hamilton County Tennessee.

17. City of Chattanooga, is a municipality located in Hamilton County, Tennessee. The City of Chattanooga can be served with process as: Office of the City Attorney, 110 E. 11th St., 2nd Floor City Call Annex, Suite 200, Chattanooga, Tennessee 37402.

18. The McDaniels' landlord JW Holdings, LLC is a corporation authorized to do business in Hamilton County, Tennessee. At all times material and relevant hereto, JW Holdings, LLC negotiated with, made representations regarding the nature and type of neighborhood it placed the McDaniels in. JW Holdings, LLC, among other things, failed to make any disclosures regarding the restrictions on fence types in the Fort Wood Neighborhood where the McDaniels ultimately decided to rent for a period of three (3) years.

19. Fort Wood Homeowners Association if an association of property owners holding present possessory right, title, and interest in lots located in an area known as Fort Wood within the city of Chattanooga.

20. The McDaniels moved to Chattanooga and leased the property located at 511 Central Avenue (the "Property). The Property's front access door is located directly on Central Avenue. Hence the Property's address.

21. The McDaniels leased the Property from its owner subject to the ability to construct a privacy fence to aid in containing their service dog. No disclosures were made revealing any restrictions as to fencing. In fact, the McDaniels were told expressly by the leasing company that they could remove the fence and replace it with a wood fence sturdy enough and tall enough to hold Tank or any service dog within its borders.

22. The dog responds when taunted, challenged, or other eye contact is made by passersby. When the dog is outside, he is on protective duty.[1] The dog currently in use by Plaintiffs is a Great Pyrenes.

---

[1] The McDaniels previously owned Tank a 100 lb Cane Corso service dog died unexpectedly from intestinal cancer. The McDaniels' new service dog is a 199, nineteen (19) month old, 100 lb Great Pyrenes. His name is Big. He fulfills protective service animal duties including, but not limited to, notifying McDaniels of a panic attack based on her PTSD, seizures and interlopers.

23. The Fort Wood HOA objects to the privacy fence. The HOA caused a Chattanooga Historic Zoning Meeting vote to occur.

24. This meeting was held on or about March 21, 2024.

25. The conclusion of the meeting was that the privacy fence installed by McDaniels violated the ordinance and is non-descript and vague terms of reference as there is no definition of 'fence' or 'privacy fence' and certainly no definition of 'disabled individual', 'service animals' or 'fencing'.

26. The decision of the Zoning Commission was to deny the fencing and instruct that it be removed and something else put in place despite the substantial cost surrounding a six foot privacy fence and the inconvenience to the McDaniels who were assure the fencing was appropriate and in line with the other fences in the neighborhood, also subject to the zoning issues.

## CAUSES OF ACTION COUNT

## I:

## DECLARATORY JUDGMENT

27. Plaintiff incorporates Paragraphs 1 – 26 as referenced herein.

28. The Zoning guideline violates numerous constitutional rights under both the United States Constitution and the Tennessee Constitution, as well as state and federal laws as alleged herein.

29. Plaintiffs seek a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT II

## VIOLATION OF AMERICANS WITH DISABILITY ACT

42 U.S.C. 12101

30. Plaintiffs incorporate Paragraphs 1 – 29 as referenced herein.

31. The City of Chattanooga is prohibited as a public entity from discriminating against individuals with disabilities, including by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C.S. § 12182(b)(2)(A)(ii).

32. Plaintiff J. McDaniel is a person suffering from a disability. She suffers from PTSD, anxiety and other complicating factors.

33. J. McDaniel is otherwise qualified. In this instance, in residing in the neighborhood of Fort Wood.

34. The City of Chattanooga's regulation for fencing excludes her from living in Fort Wood. *Anderson v. City of Blue Ash*, 798 F.3d 338, 345, 2015 U.S. App. LEXIS 14293, *1, 2015 FED App. 0191P (6th Cir.), 2.

35. Plaintiffs seek a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

36. Plaintiffs seek compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT III

## VIOLATION OF 42 U.S.C. §1983

37. Plaintiffs incorporate Paragraphs 1 – 36 as referenced herein.

38. The City of Chattanooga, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or caused J. McDaniels to be subjected to, and N. McDaniel also within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

39. The City of Chattanooga has deprived J McDaniels of the ability to utilize her service dog to protect herself and to guard against by notifying her to slow down, sit, and otherwise recognize that a seizure event is imminent because of the triggering of her PTSD seizures and anxiety panic attacks.

40. The City of Chattanooga denied Plaintiffs' opportunity to keep the fence installed to keep their dog Big in its borders.

41. Plaintiffs seek a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable, violating the McDaniels' civil rights and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

42. Plaintiffs seek compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT IV

## VIOLATION OF 42 U.S.C. §1988

43. Plaintiff incorporates 1 - 42 Complaint herein by reference.

44. The Zoning Guidelines violate Plaintiff's civil rights, including, but not limited to, numerous violations of state and federal laws and the provisions of the United States Constitution and Tennessee Constitution.

45. 42 U.S.C. §1988 authorizes courts to award reasonable attorney's fees to prevailing parties in civil rights litigation.

46. The City of Chattanooga has violated numerous civil rights afford to Plaintiffs including, but not limited to, freedom to be free of discriminatory treatment under color of law from being discriminated against because of a disability; freedom from being discriminated against under Fair Housing Authority legislation which protects disabled individuals from discriminatory treatment; freedom from being discriminated against as a disabled person by enacting public legislation which excludes disabled individuals from participating.

47. Based on the foregoing, Plaintiffs are entitled to an award of their attorney's fees and costs should they prevail on one or more of their claims herein.

## COUNT V:
## VIOLATION OF ARTICLE I, SECTION 21 OF THE TENNESSEE CONSTITUTION – TAKINGS CLAUSE

48. Plaintiff incorporates paragraphs 1 through 45 of the Appeal and Complaint herein by reference,

49. Article I, Section 21 of the Tennessee Constitution encompasses regulatory takings.

50. A regulatory taking is a regulation that deprives a property owner of an economic benefit.

51. The Zoning guideline discriminates against property owners in Chattanooga, Fort Wood HOA for the reasons espoused in the Appeal and Complaint, but also, it ultimately prohibits property owners from freely exercising their right to rent their property or from renters to sub-lease as allowed by property owners.

52. Further, the Zoning guideline discriminates between disabled and non-disabled individuals.

53. The Zoning guideline does not afford individuals with disabilities the opportunity to exercise their rights to choose their protective devices.

54. Further, the Zoning Guideline improperly regulates fencing.

55. These discriminatory provisions harm Plaintiffs in that they suffer an impermissible loss of their rights and of their personal dignity.

56. Plaintiffs seek compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

COUNT VI:
VIOLATION OF U.S. CONST. AMEND.
14 and ARTICLE I, SECTION 8 and ARTICLE XI, SECTION 8 OF THE TENNESSEE
CONSTITUTION
(EQUAL PROTECTION)

57. Plaintiff incorporates paragraphs 1 through 56 of this Appeal and Complaint herein by reference.

58. Plaintiff, as an association of citizens, have a fundamental right to equal protection under the law, both in the United States Constitution and Tennessee Constitution.

59. The Zoning Guideline discriminates arbitrarily against disabled individuals and non-disabled individuals.

60. The Zoning guideline improperly discriminates because it slows non-disabled individuals to erect a fence consistent with their abilities but denies the same opportunity to disabled individuals.

61. The Zoning Guideline discriminates because it imposes two different standards.

62. The Zoning Guideline further discriminates against similarly situated disabled and non-disabled residents whether owners or lessees dependent upon whether the property maintains an access point with in Fort Wood as opposed to its access point originating on outlier streets of Chattanooga such as 511 Central Avenue (the Property in question) with front access on Central Avenue.

63. Disabled owners like the McDaniels are improperly singled out.

64. Plaintiffs seek compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT VII
## VIOLATION OF U.S. CONST. ART. I, § 10 (CONTRACTS CLAUSE) AND ARTICLE I, SECTION 20 OF THE TENNESSEE CONSTITUTION
## (CONTRACTS CLAUSE)

65. Plaintiff incorporates paragraphs 1 through 64 of the Appeal and Complaint herein by Reference.

66. Under the United States Constitution and Tennessee Constitution, no law shall be passed to impair the obligations of contracts.

67. The use of real estate is a fundamental right of a property owner.

68. McDaniels and similarly situated property owners have a fundamental right to enter into contracts, such as leases, contracts for service such as fence building, and similar contracts designed to facilitate a homeowner or lessee's residential life.

69. The Zoning guideline imposes undue burdens on property owners by preventing owners from entering into contractual agreements to erect fences, or execute leases with disabled individuals who may have special needs such as for a privacy fence to contain their service animal and guard dog.

70. Further the Zoning guideline has impaired existing contracts, has restricted the ability of disabled individuals to address their safety and trauma concerns through the maintenance of a support animal within a protective environ which protects society at large and the disabled resident; all while allowing the disabled resident to adhere to his/her lease agreement.

71. Plaintiffs seek compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT VIII:
## VOID FOR VAGUENESS AND ARBITRARY ENFORCEMENT VIOLATING DUE PROCESS

72. Plaintiff incorporates paragraphs 1 through 71 of the Appeal and Complaint herein by reference.

73. The Zoning guideline violates due process rights enshrined in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Tennessee Constitution.

74. First, the Zoning Guideline allows non-property interest holders authority to dictate and enforce upon individuals permissions which impair their disability rights.

75. The Zoning guideline then forces the disabled property interest holder to seek a determination from a judiciary body.

76. The provisions of the Zoning guideline particularly where non-professional individuals

sit and impose their 'opinion' of whether a fence is appropriate or not in lieu of professionals and discussions of the same prior are arbitrary provisions.

77. The provisions are unconstitutional as vague for failing to define fencing, appropriate fencing for disabled individuals, and notice of violation or even how investigations are initiated, and carried out regarding a residents disability and its association with a zoning item such as fencing.

78. The City can fine the Plaintiffs up to $50 per day for a perceived, unresolved violation.

79. Additionally, there is no mechanism which directs the appointment of a body with clear and non-arbitrary or capricious rules such that there is no unreasonable exercise of any type of police power the City could grant to a body as is currently in place.

80. As such the Zoning guideline is unconstitutional as supported by the City of Chattanooga Ordinances.

81. Plaintiffs seek compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT IX:

## VIOLATION OF FAIR HOUSING ACT 42 U.S.C. §3601 et seq.

82. Plaintiffs reallege and incorporate Paragraphs 1 through 81 as set forth herein.

83. The City of Chattanooga has violated the Fair Housing Act codified at 42 U.S.C. §3601 et seq. by discriminating against J. McDaniels as a person with a disability.

84. J. McDaniels is an individual with mental or physical impairments that substantially limit one or more major life activities.

85. The term major life activity as applied to J. McDaniels means caring for one's self,

and working.

86. The Fair Housing Act also protects people who have a record of such an impairment, or are regarded as having such an impairment. J. McDaniels has diagnoses which include but are not limited to, anxiety, PTSD, and other emotional and mental health issues.

87. The Fair Housing Act's focus is on insuring that in this instance zoning, is not employed to hinder the residential choices of individuals like J. McDaniels who are impaired and limited in life activities.

88. Plaintiffs seek compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT X

## NEGLIGENCE BY JW HOLDINGS, LLC

89. Plaintiff incorporates paragraphs 1 through 88 of the Appeal and Complaint herein by reference.

90. JW Holdings, LLC and Plaintiffs entered into an agreement.

91. At no point in time did JW Holdings, LLC disclose to Plaintiffs that there was a zoning ordinance from the City of Chattanooga dictating the type of fence which could be installed at 511 Central Avenue, Chattanooga, Tennessee.

92. JW Holdings, LLC failed to disclose the restriction on the type of fencing despite being asked about the fencing.

93. JW Holdings never made any disclosures about the fencing even though the fencing issue was very important to Plaintiffs.

94. JW Holdings, LLC even told Plaintiffs they could remove the fence in place when Plaintiffs moved in and replace it with the wooden fence which is the subject of this dispute.

95. JW Holdings, LLC breached its duty to Plaintiffs regarding the fence.

96. JW Holdings, LLC failure to disclose caused the Plaintiffs' loss in the removal of the fence, the purchase and installation of the wooden fence, and this lawsuit.

97. JW Holdings, LLC's failure to disclose was the cause in fact of the Plaintiffs' installation of the wooden fence and the proximate cause of Plaintiffs' injury as {Plaintiffs believed they were able to install the wooden fence.

98. Plaintiffs seek compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT XI BREACH

## OF CONTRACT

(Breach of Contract Against JW HOLDINGS, LLC)

99. Plaintiffs incorporate paragraphs 1 – 98 of the Complaint and incorporate herein by reference.

100.    JW Holdings, LLC breached the leasing agreement contract herein described by, among other things: failing to disclose the restrictions on fencing under the zoning ordinance.

101. Plaintiffs duly performed all of their obligations and conditions on their part required to be performed.

102. Plaintiffs seek compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association.

## COUNT XII:

## APPEAL OF CITY ZONING COMMISSION DECISION

103. Plaintiff incorporates paragraphs 1 through 102 of the Appeal and Complaint herein by reference.

104. Plaintiffs were instructed to lodge an appeal through Chancery Court (City Code Sec. 10-17 and 10-19).

105. This Appeal and Complaint is lodged for that purpose.

106. McDaniels believe the Zoning guideline is unconstitutional and impairs their rights as lessees with present possessory property rights to 511 Central Avenue having committed no infraction or violation.

107. The McDaniels appeal the decision of the City of Chattanooga Zoning Commission.

## PRAYER FOR RELIEF

1. That the Court declare the Zoning Guideline restricting the type of fencing used by residents as discriminatory and unconstitutional;

2. That the Court enter an order permanently enjoining the City of Chattanooga from enforcing the Zoning guideline for Fort Wood HOA and its associated Code Section.

3. That this Honorable Court enter an Order of compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000) against JW Holdings, LLC and The City of Chattanooga.

4. That this Honorable Court enter an order for damages and attorney fees in the amount of (One Hundred Fifty Thousand Dollars $150,000).

5. For the costs and expenses of this action, plus attorney's fees allowed pursuant to 42 U.S.C. §1988, T.C.A. §29-14-111, and T.C.A. §29-16-123(b);

6. For any such other and further relief deemed just and equitable.

RESPECTFULLY SUBMITTED: BOWE & ASSOCIATES, PLLC

By: _____
Curtis L. Bowe, III (BPR 017037)
*Attorneys for Crystal McDaniel*
*Attorneys for Nelson McDaniel*
6120 Shallowford Road, Suite 107
Chattanooga, Tennessee 37421
423.475.6070/423.475.6072

VERIFICATION BY PLAINTIFF

Pursuant to Tenn. Rul. Civ. P., Rule 72, Nelson McDaniel Declare that the Verified Complaint is true and accurate to the bet of my knowledge, information, and belief:

_____
NELSON MCDANIEL

VERIFICATION BY PLAINTIFF

Pursuant to Tenn. Rul. Civ. P., Rule 72, Crystal McDaniel Declare that the Verified Complaint is true and accurate to the bet of my knowledge, information, and belief:

_____
CRYSTAL MCDANIEL