UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JENNIFER CRYSTAL MCDANIEL and NELSON WAYNE MCDANIEL | : : : | |
| Plaintiffs, | : : | Case Number: 1:24-cv-00203 |
| v. | : : | |
| CITY OF CHATTANOOGA AND JW HOLDINGS, LLC, | : : : : | |
| Defendants. | : | |

### CITY OF CHATTANOOGA'S ANSWER TO COMPLAINT

Comes now Defendant, City of Chattanooga (the "City") by and through counsel, and for answer to the Verified Complaint for Declaratory and Injunctive Relief filed against it on April 21, 2025 ("Amended Complaint") by Plaintiffs, Jennifer Crystal McDaniel, and Nelson Wayne McDaniel (Plaintiffs"), state as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against the City upon which relief can be granted.

### SECOND DEFENSE

In answer to the specific allegations of the Amended Complaint, the City responds as follows:

### INTRODUCTION

1. City admits that this lawsuit involves application of the Fort Wood Design guidelines as applied in case HZ-23-190 regarding 511 Central Avenue.

2. City states that there is no code section for Chapter 10, Article II, Section 101-15e, but that Plaintiffs appear to be citing 10-15(e) which governs certificates of appropriateness for Chattanooga historic districts and is calculated to preserve the historical importance of period architecture for said historic districts. City denies that no home shall have a six (6) foot fence of any kind, relevant fence guidelines state that new fences and walls should blend with materials and designs found in the district and on the property; height of the fence should not exceed average height of other fences and should not exceed three and a half (3.5) feet in the front of the property or six (6) feet in the rear of the property; and that privacy fences are not appropriate in front yards and in rear yards should relate in design to the buildings on site and to nearby fences. City denies that fence design must be approved by an entity called the Fort Wood Homeowners Association, but rather must be approved by the City's Historic Zoning Commission.

3. City is without sufficient information to admit or deny the allegations contained within Paragraph 3 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

4. City is without sufficient information to admit or deny the allegations contained within Paragraph 4 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

5. City is without sufficient information to admit or deny the allegations contained within Paragraph 5 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

6. City denies the allegations contained within Paragraph 6 of the Amended Complaint.

7. City denies the allegations contained within Paragraph 7 of the Amended Complaint.

8. City admits the allegations contained within Paragraph 8 of the Amended Complaint.

9. City is without sufficient information to admit or deny the allegations contained within Paragraph 9 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

**JURISDICTION AND VENUE**

10. No response is necessary to the allegations contained in Paragraph 10 of the Amended Complaint. To the extent a response is required, the City denies the allegations in Paragraph 10.

11. City denies the allegations contained within Paragraph 11 of the Amended Complaint.

12. City denies the allegations contained within Paragraph 12 of the Amended Complaint.

13. City denies the allegations contained within Paragraph 13 of the Amended Complaint.

14. City denies that the authority cited is directly on point in Federal Court, but City admits that venue and jurisdiction is proper in this Court.

15. City denies that the authority cited is directly on point in Federal Court, but City admits this Court has the authority to enter a declaratory judgment and provide permanent injunctive relief.

16. City admits upon information and belief that the Plaintiffs moved to Chattanooga and leased the property located at 511 Central Avenue.

17. Paragraph 17 of the Amended Complaint is admitted.

18. City is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded

19. Paragraph 19 of the Amended Complaint is denied as stated.

20. City admits upon information and belief that the Plaintiffs moved to Chattanooga and leased the property located at 511 Central Avenue.

21. City is without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

22. City is without sufficient information to admit or deny the allegations contained within Paragraph 22 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

23. City denies the allegations contained within Paragraph 23 of the Amended Complaint.

24. City admits the allegations contained within Paragraph 24 of the Amended Complaint.

25. City admits that the decision of the Historic Zoning Commission was to deny the certificate of appropriateness and instruct its removal and/or replacement with a conforming fence. City is without sufficient information to admit or deny the remainder of the allegations in paragraph 25 of the Amended Complaint, and as such those allegations are denied, and strict proof is demanded.

26. City admits that the decision of the Historic Zoning Commission was to deny the certificate of appropriateness and instruct its removal and/or replacement with a conforming fence. City is without sufficient information to admit or deny the remainder of the allegations in

paragraph 26 of the Amended Complaint, and as such those are denied, and strict proof is demanded.

## CAUSES OF ACTION
## COUNT I:
## DECLARATORY JUDGMENT

27. With respect to Paragraph 27, City incorporates by reference its previous responses to Paragraphs 1-26 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein.

28. City denies the allegations in paragraph 28 of the Amended Complaint and strict proof is demanded.

29. City admits that Plaintiffs seek a judgment declaring the zoning guidelines unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood Homeowners Association. City denies that Plaintiffs are correct in their assessment.

## COUNT II:
## VIOLATION OF AMERICANS WITH DISABILITY ACT
## 42 U.S.C. §12101

30. With respect to Paragraph 30, City incorporates by reference its previous responses to Paragraphs 1-29 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein.

31. No response to Paragraph 31 is necessary. To the extent a response is necessary the City would state that the allegations in Paragraph 31 are inapplicable to this case.

32. City is without sufficient information to admit or deny the allegations contained in Paragraph 32 of the Amended Complaint. As such, the same is denied and strict proof is demanded.

33. City is without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

34. The City denies the allegations contained in Paragraph 34 of the Amended Complaint and strict proof is demanded.

35. No response to Paragraph 35 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

36. No response to Paragraph 36 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

## COUNT III:
## VIOLATION OF 42 U.S.C. §1983

37. With respect to Paragraph 37, City incorporates by reference its previous responses to Paragraphs 1-36 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein.

38. City denies the allegations in Paragraph 38 of the Amended Complaint and strict proof is demanded.

39. City denies the allegations in Paragraph 39 of the Amended Complaint and strict proof is demanded.

40. City denies the allegations in Paragraph 40 of the Amended Complaint and strict proof is demanded.

41. No response to Paragraph 41 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

42. No response to Paragraph 42 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

## COUNT IV:
## VIOLATION OF 42 U.S.C. §1988

43. With respect to Paragraph 43, City incorporates by reference its previous responses to Paragraphs 1-42 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein

44. City denies the allegations in Paragraph 44 of the Amended Complaint and strict proof is demanded.

45. No response to Paragraph 45 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

46. City denies the allegations in Paragraph 46 of the Amended Complaint and strict proof is demanded.

47. No to Paragraph 47 response is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

## COUNT V:
## VIOLATION OF ARTICLE 1, SECTION 21 OF TENNESSEE CONSTITUTION – TAKINGS CLAUSE

48. With respect to Paragraph 48, City incorporates by reference its previous responses to Paragraphs 1-47 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein.

49. City denies that the allegations in Paragraph 49 of the Amended Complaint are applicable in this case, and would state the Plaintiffs' application of the contracts clause is erroneous.

50. The allegations in Paragraph 50 of the Amended Complaint attempt to state a principle of law rather than a factual allegation, but City denies that it is applicable to this case.

51. City denies that there is unfettered, unrestricted ability to contract to build anything Plaintiffs please simply because they contracted to do so. Additionally, City alleges that Plaintiffs lack standing on this cause of action.

52. City denies the allegations in Paragraph 52 of the Amended Complaint and strict proof is demanded.

53. City denies the allegations in Paragraph 53 of the Amended Complaint and strict proof is demanded.

54. City denies the allegations in Paragraph 54 of the Amended Complaint and strict proof is demanded.

55. City denies the allegations in Paragraph 55 of the Amended Complaint and strict proof is demanded.

56. No to Paragraph 56 response is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

## COUNT VI:
## VIOLATION OF U.S. CONST. AMEND. 14 and ARTICLE 1, SECTION 8 and ARTICLE XI, SECTION 8 OF THE TENNESSEE CONSTITUTION
## (EQUAL PROTECTION)

57. With respect to Paragraph 57, City incorporates by reference its previous responses to Paragraphs 1-56 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein.

58. No response to Paragraph 58 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek. Further, it is unclear what is meant by alleging that Plaintiff is an "association of citizens."

59. City denies the allegations in Paragraph 59 of the Amended Complaint and strict proof is demanded.

60. City denies the allegations in Paragraph 60 of the Amended Complaint and strict proof is demanded.

61. City denies the allegations in Paragraph 61 of the Amended Complaint and strict proof is demanded.

62. City denies the allegations in Paragraph 62 of the Amended Complaint and strict proof is demanded.

63. City denies the allegations in Paragraph 63 of the Amended Complaint and strict proof is demanded.

64. No response to Paragraph 64 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

## COUNT VII:
## VIOLATION OF U.S. CONST. ART. I, §10 (CONTRACTS CLAUSE) AND ARTICLE I, SECTION 20 OF THE TENNESSEE CONSTITUTION (CONTRACTS CLAUSE)

65. With respect to Paragraph 65, City incorporates by reference its previous responses to Paragraphs 1-64 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein.

66. The allegations in Paragraph 66 of the Amended Complaint attempt to state a principle of law rather than a factual allegation, but City denies that it is applicable to this case.

67. City denies that there is unfettered, unrestricted ability to use real estate for anything Plaintiffs please simply because they contracted to do so, additionally City alleges that Plaintiffs lack standing on this cause of action since they do not own the property at 511 Central Avenue.

68. City denies that there is unfettered, unrestricted ability to use real estate for anything Plaintiffs please simply because they contracted to do so, additionally City alleges that

Plaintiffs lack standing on this cause of action since they do not own the property at 511 Central Avenue.

69. City denies the allegations in Paragraph 69 of the Amended Complaint and strict proof is demanded.

70. City denies the allegations in Paragraph 70 of the Amended Complaint and strict proof is demanded.

71. No response to Paragraph 71 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

## COUNT VIII:
## VOID FOR VAGUENESS AND ARBITRARY ENFORCEMENT VIOLATING DUE PROCESS

72. With respect to Paragraph 72, City incorporates by reference its previous responses to Paragraphs 1-71 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein.

73. City denies the allegations in Paragraph 73 of the Amended Complaint and strict proof is demanded.

74. City denies the allegations in Paragraph 74 of the Amended Complaint and strict proof is demanded.

75. City denies the allegations in Paragraph 75 of the Amended Complaint and strict proof is demanded.

76. City denies the allegations in Paragraph 76 of the Amended Complaint and strict proof is demanded.

77. City denies the allegations in Paragraph 77 of the Amended Complaint and strict proof is demanded.

78. City admits they have the authority to enact fines for noncompliance.

79. City denies the allegations in Paragraph 79 of the Amended Complaint and strict proof is demanded.

80. City denies the allegations in Paragraph 80 of the Amended Complaint and strict proof is demanded.

81. No response to Paragraph 81 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

## COUNT IX:
## VIOLATION OF FAIR HOUSING ACT 42 U.S.C. §3601 et seq.

82. With respect to Paragraph 82, City incorporates by reference its previous responses to Paragraphs 1-81 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein.

83. City denies the allegations in Paragraph 83 of the Amended Complaint and strict proof is demanded.

84. City is without sufficient information to admit or deny the allegations in Paragraph 84 of the Amended Complaint and strict proof is demanded.

85. City is without sufficient information to admit or deny the allegations in Paragraph 85 of the Amended Complaint and strict proof is demanded.

86. City is without sufficient information to admit or deny the allegations in Paragraph 86 of the Amended Complaint and strict proof is demanded.

87. City denies the allegations in Paragraph 87 of the Amended Complaint and strict proof is demanded.

88. No response to Paragraph 88 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

## COUNT X
## NEGLIGENCE BY JW HOLDINGS, LLC

89. With respect to Paragraph 89, City incorporates by reference its previous responses to Paragraphs 1-88 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein.

90. City is without sufficient information to admit or deny the allegations contained in Paragraph 90 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

91. City is without sufficient information to admit or deny the allegations contained in Paragraph 91 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

92. City is without sufficient information to admit or deny the allegations contained in Paragraph 92 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

93. City is without sufficient information to admit or deny the allegations contained in Paragraph 93 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

94. City is without sufficient information to admit or deny the allegations contained in Paragraph 94 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

95. City is without sufficient information to admit or deny the allegations contained in Paragraph 95 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

96. City is without sufficient information to admit or deny the allegations contained in Paragraph 96 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

97. City is without sufficient information to admit or deny the allegations contained in Paragraph 97 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

98. No response to Paragraph 98 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

**COUNT XI**

**BREACH OF CONTRACT**

**(Breach of Contract Against JW HOLDINGS,LLC)**

99. With respect to Paragraph 99, City incorporates by reference its previous responses to Paragraphs 1-89 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein

100. City is without sufficient information to admit or deny the allegations contained in Paragraph 100 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

101. City is without sufficient information to admit or deny the allegations contained in Paragraph 101 of the Amended Complaint. As such, the same is denied and strict proof is herein demanded.

102. No response to Paragraph 102 is necessary. To the extent a response is necessary, City would deny that Plaintiffs are entitled to the relief they seek.

# COUNT XII
# APPEAL OF CITY ZONING COMMISSION DECISION

103. With respect to Paragraph 103, City incorporates by reference its previous responses to Paragraphs 1-102 of the Amended Complaint pursuant to Rule 10(b) of the Federal Rules of Civil Procedure as if fully set forth herein

104. City admits the allegations in Paragraph 104 of Plaintiff's Amended Complaint.

105. No response to Paragraph 105 is necessary.

106. City denies that the "Zoning guideline" is unconstitutional and infringes upon Plaintiffs' rights.

107. City admits that Plaintiffs appealed the decision of the Chattanooga Historic Zoning Commission.

## PRAYER FOR RELIEF

City denies that the Plaintiffs are entitled to any of the relief sought in the Verified Complaint and pray that the Verified Complaint be dismissed

## THIRD DEFENSE

The City denies that Chattanooga City Code, Chapter 10, Article II, Section 10-15e discriminates against disabled individuals.

## FOURTH DEFENSE

The City asserts that Plaintiffs lack standing for this Court to consider Counts V & VII of their Complaint as there is no property interest that has been taken from the Plaintiffs. They are not the owners of the property and do not have sufficient standing to bring a claim under Counts V & VII of their complaint.

WHEREFORE, having fully answered, the City prays that this cause filed against it be dismissed and that it be allowed to recover reasonable costs and attorney fees pursuant to 42 U.S.C. § 1988 and Tenn. Code Ann. § 29-20-113 for its defense and representation in this matter.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE

By: s/ Andrew Trundle
ANDREW TRUNDLE (BPR #30381)
CHRISTOPHER MCKNIGHT (BPR #34351)
AZARIUS YANEZ (BPR #36266)
*Assistant City Attorneys*
100 E. 11th Street, Suite 200
Chattanooga, TN 37402
(423) 643-8250 (telephone)
(423) 643-8255 (facsimile)

*Attorneys for the City of Chattanooga*

## CERTIFICATE OF SERVICE

This is to certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Curtis L. Bowe, III, Esq.
    Bowe & Associates, PLLC
    6120 Shallowford Road, Suite 107
    Chattanooga, TN 37421

    JW Holdings, LLC
    c/o Its Registered Agent
    John McEwen Martin
    537 Market Street, Suite 400
    Chattanooga, TN 37402-1287

This 5th day of May, 2025.

                                          By:    s/ Andrew Trundle
                                          ANDREW TRUNDLE
                                          CHRISTOPHER MCKNIGHT
                                          AZARIUS YANEZ

Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, TN 37402
(423) 643-8250
(423) 643-8255