UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| CRYSTAL MCDANIEL AND <br> NELSON MCDANIEL <br><br> PLAINTIFFS, <br><br> V. <br><br> CITY OF CHATTNOOGA AND JW <br> HOLDINGS, LCC, <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) NO. 1:24-CV-203-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### JW HOLDINGS, LLC'S MOTION TO DISMISS COUNTS X AND XI OF PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Comes now Defendant JW Holdings, LLC ("JWH"), through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this Motion to Dismiss Counts X and XI of Plaintiffs Crystal McDaniel and Nelson McDaniel's ("Plaintiffs") Amended Complaint (the "Complaint") [Doc. 38].

Plaintiffs initially sued the City of Chattanooga (the "City") and the Fort Wood Neighborhood Association ("FWNA") asserting claims for (i) declaratory judgment, (ii) violation of 42 U.S.C. §1988, (iii) violation of Article I, Section 21 of the Tennessee Constitution – Takings Clause, (iv) violation of the U.S. Const. Amend. 14, Article I, Section 8 and Article CI, Section 8 of the Tennessee Constitution (Equal Protection), (v) violation of the U.S. Const. Art. I, § 10 (Contract Clause) and Article I, Section 20 of the Tennessee Constitution (Contracts Clause), (vi) void for Vagueness and arbitrary enforcement violating due process, and (vii) Appeal of City Zoning Commission Decision.

On March 4, 2025, the Court dismissed FWNA from the case without prejudice [Doc. 7]. On April 21, 2025, Plaintiffs filed the Amended Verified Complaint naming JWH as an additional

1

defendant and sued JWH on claims of negligence (Count X) and breach of contract (Count XI) regarding real property Plaintiffs rented from JWH, located at 511 Central Avenue, Chattanooga, Tennessee.

Plaintiffs built a fence that violated their Homeowner's Association's guidelines and the Chattanooga City Code.[1] Plaintiffs now allege that JWH is liable in negligence and breach of the parties' Lease Agreement (the "Lease") for "failing to disclose the restrictions on fencing under the zoning ordinance."[2]

Plaintiffs and JWH's obligations to one another are governed by the Lease. which creates no obligation for JWH to disclose publicly available restrictions on fencing under the zoning ordinance applicable to the leased premises.[3] Here, Plaintiffs' claim against JWH for negligence in Count X is predicated on their breach of contract claim in Count XI. Therefore, Plaintiff's negligence claim must fail because Tennessee law does not allow a tort claim to be based upon a breach of a contract and Plaintiffs are attempting to do exactly that in their claims against JWH.[4]

---

[1] Doc. 38, at ¶25.

[2] Doc. 38, at ¶ 100.

[3] Although Plaintiffs did not attach a copy of their Lease with JWH, the Lease is referenced in the Complaint, a copy of which is attached as **Exhibit 1**; see *KBC Asset Mgmt. N.V. v. Omnicare, Inc. (In re Omnicare, Inc. Sec. Litig.)*, 769 F.3d 455, 466 (6th Cir. 2014) ("[W]e have recognized that if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment. *Id*. at 89. Fairness and efficiency require this practice."); *Davis v. Colonial Freight Sys.*, No. 3:16-CV-674, 2017 U.S. Dist. LEXIS 221275, at *8 n.3 (E.D. Tenn. Nov. 22, 2017) ("Because Plaintiff references all three documents in his complaint, the Court may consider them in resolving Defendants' motion to dismiss.").

[4] *Communs. Unlimited Contracting Servs. v. Comdata, Inc.*, 611 F. Supp. 3d 483, 496 (M.D. Tenn. 2020) (citing *Town of Smyrna, Tenn. v. Mun. Gas Auth. of Ga.*, 129 F. Supp. 3d 589, 605 (M.D. Tenn. 2015)).

Plaintiffs' breach of contract claim against JWH also fails to state a claim under Rule 12(b)(6) because the Complaint fails to reference any Lease provision that Plaintiffs claim was breached by JWH. Indeed, there is no provision in the Lease which imposes a duty on JWH to disclose <u>publicly available</u> legal restrictions on the property. Therefore, the Court should dismiss Counts X and XI of the Complaint.

## I. Standard of Review

A motion to dismiss under Fed. F. Civ. P. 12(b)(6) tests the sufficiency of a pleading. The United States Supreme Court's cases of *Bell Atlantic Corp. v. Twombly*,[5] and *Ashcroft v. Iqbal*,[6] promulgated the current heightened pleading standard used to determine the sufficiency of a Complaint:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient.[7]

Here, Plaintiffs' Complaint, even if assumed to be true, fails to state a cause of action against JWH upon which relief can be granted.

---

[5] 550 U.S. 544 (2007).

[6] 556 U.S. 662 (2009).

[7] *Wells v. Steve Madden, Ltd.*, No. 3-15-0366, 2015 U.S. Dist. LEXIS 95447, at *2 (M.D. Tenn. July 22, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

## II. Facts

In the Complaint, Plaintiffs allege that they entered into an agreement (residential lease) with JWH, the landlord, and that JWH breached the leasing agreement contract herein described by, among other things: failing to disclose the restrictions on fencing under the zooming ordinance."[8] Plaintiffs further allege that JWH: "failed to disclose any restrictions on fencing at 511 Central Avenue, Chattanooga, Tennessee", "negotiated with, made representations regarding the nature and type of neighborhood it placed the McDaniels in", and "among other things, failed to make any disclosures regarding the restrictions on fence types in the Fort Wood Neighborhood where the McDaniels ultimately decided to rent for a period of three (3) years."[9]

## III. Law and Argument

**A. Because Plaintiffs' claim for negligence is subsumed by their breach of contact claim against JWH, Count X of Plaintiff's Complaint must be dismissed as a matter of law.[10]**

Plaintiffs' claims for negligence and breach of contract against JWH stem from an alleged failure to disclose publicly available zoning ordinance restrictions regarding the construction of a fence on property for which JWH is the landlord. In their negligence claim against JWH in Count X of the Complaint, Plaintiffs specifically state that they entered into an agreement with JWH.[11] Plaintiffs further state, "JW Holdings, LLC failure to disclose was the cause in fact of Plaintiff's installation of the wooden fence and the proximate cause of Plaintiffs' injury as [] Plaintiffs believed they were able to install the wooden fence."[12] Likewise, in its claim for breach of contract

---

[8] Amend. Compl. [Doc. 38], at ¶¶90, 100. The facts pled in the Complaint are taken as true only for the limited purposes of this Rule 12(b)(6) Motion.

[9] Amend. Compl. [Doc. 38], at ¶¶ 9, 18.

[10] Out of an abundance of caution, JWH in no way admits that it breached the Lease.
[11] Amend Compl., [Doc. 38] at ¶90.

[12] Amend. Compl., [Doc. 38] at ¶97.

(Count XI), Plaintiffs allege that JWH "breached the leasing agreement contract herein described by, amoung other things: failing to disclose the restrictions on fencing under the zoning ordinance."[13] Plaintiffs' claims against JWH for negligence and breach of contract also seek identical relief.[14] Thus, Plaintiffs' claim for negligence against JWH is just a reiteration of their breach of contract claim against Defendants.

Plaintiffs' negligence claim fails because under Tennessee law "a tort cannot be predicated on a breach of contract."[15] Instead, a tort, such as negligence, can "exist only if a party breaches a duty which he owes to another independently of a contract."[16]. Here, Plaintiffs alleged negligence and breach of contract for the same perceived failure to disclose zoning ordinances regarding the fence at issue.[17] Plaintiffs fail to allege any other duty independent of the Lease which would require JWH investigate, disclose, or confirm any use and zoning restrictions which may affect the Leased Property. Accordingly, Plaintiffs' negligence claim against JWH is predicated on their breach of contract claim as both claims allege that JWH failed to disclose publicly available legal restrictions on the Leased Property.[18] Accordingly, the Court should dismiss Count X of the Complaint for failure to state a claim.

---

[13] Amend. Compl., [Doc. 38] at ¶¶90, 100.

[14] Amend. Compl., [Doc. 38] at ¶¶98 and 102.

[15] *Communs. Unlimited Contracting Servs. v. Comdata, Inc.*, 611 F. Supp. 3d 483, 496 (M.D. Tenn. 2020) (citing *Town of Smyrna, Tenn. v. Mun. Gas Auth. of Ga.*, 129 F. Supp. 3d 589, 605 (M.D. Tenn. 2015)).

[16] *Id.*

[17] Amend. Compl. [Doc. 38], p. 13-15.

[18] *See Communs. Unlimited Contracting Servs. v. Comdata, Inc.*, 611 F. Supp. 3d 483, 496 (M.D. Tenn. 2020) ("Absent more, such as an allegation that Defendant never intended to comply with

### B. Plaintiffs have failed to state a claim for breach of contract against JWH.

#### a. Because the Complaint fails to include the specific contract provisions that JWH allegedly breached, Count XI of the Complaint for breach of contract against JWH must be dismissed as a matter of law.

For a breach of contract claim to survive a 12(b)(6) motion, the complaint must cite specific contact provisions that the plaintiff alleges were breached by the defendant. According to the Sixth Circuit, "[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached."[19] In *McKnelly v. Wyndham Destinations, Inc.*, the Eastern District of Tennessee held, "While the failure to attach the contracts is not necessarily fatal to a breach of contract claim, the complaint must include the language of specific contract provisions which defendant has allegedly breached."[20]

Here, Plaintiffs did not attach a copy of the Lease to the Complaint or even cite specific provisions of the contract that Plaintiffs allege JWH to have breached. Instead, Plaintiffs have only made the conclusory allegation that JWH's alleged failure "to disclose the restrictions on fencing under the zoning ordinance"[21] was a breach of the Lease agreement. This is insufficient as a matter

---

the alleged agreement in the first place, Plaintiff has only a contract claim, not a tort claim. Under either Tennessee or Alabama law, this tort claim is simply not cognizable on this basis because it is a reiteration of Plaintiff's contract claim.").

[19] *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012) (quoting *Harris v. Am. Postal Workers Union*, 198 F.3d , 1999 U.S. App. LEXIS 26601, at *14 (6th Cir. Oct. 19, 1999)).

[20] *McKnelly v. Wyndham Destinations, Inc.*, 2020 U.S. Dist. LEXIS 55299, at *10 (E.D. Tenn. Mar. 30, 2020).

[21] Amend. Compl., at ¶ 100.

6

of law and should be dismissed under Rule 12(b)(6).[22] Therefore, Plaintiffs' claim for breach of contract fails to rise above a speculative level and Count XI of the Complaint must be dismissed as a matter of law.

For example, in *Evans v. Vanderbilt Univ. Sch. of Med.*, the court found that the Plaintiff's repeated failure to point to specific language in the University's Handbook or any other guiding documents in their Amended Complaint failed to state claims for breach of implied contract because those allegations merely stated legal conclusions.[23] In *Evans*, the Plaintiff pointed to a document and alleged that it contained language which imposed obligations that were violated, but the court found it did not contain any such language.[24] As a result, the *Evans* court found the Plaintiff failed to properly allege a breach of contract claim based on those alleged breaches.[25]

Additionally, amending Count XI of the Complaint would be futile because the Lease does not establish any obligation whatsoever for JWH to disclose the restrictions on fencing under the zoning ordinance. Moreover, any notion that such a disclosure obligation existed outside of the Lease, such a notion is quickly dispelled because the Lease contains an "Entire Agreement" clause stating, in part, "No representation, promise, or inducements not included in this Agreement shall be binding upon any party hereto."[26]

---

[22] *See Evans v. Vanderbilt Univ. Sch. of Med.*, 589 F. Supp. 3d 870, 896 (M.D. Tenn. 2022) ("The cited language by Plaintiff does not impose a duty on Defendants [...] Accordingly, the language relied on by Plaintiff does not aid Plaintiff in his endeavor to state a claim for breach of contract.").
[23] *Evans*, 589 F. Supp. 3d at 895.

[24] *Id.* ("Plaintiff does point to the Patient Rights & Responsibilities document, suggesting that it contains language imposing obligations that Defendants violated by their above-reference alleged failings. (Doc. No. 37 at 21). But in fact it does not").

[25] *Id.* at 896.

[26] Exhibit 1, at ¶25.

Accordingly, because Plaintiffs have failed to reference in the Complaint any provisions in the Lease that creates an obligation to disclose publicly available zoning laws, Count XI of the Complaint must be dismissed as a matter of law.

WHEREFORE, JWH respectfully requests that the Court enter an order dismissing Counts X and XI of the Complaint. Further, because Counts X and XI are the only causes of action asserted in the Complaint against JWH, JWH further requests that it be dismissed altogether as a party to the Action.

Respectfully submitted,

Patrick, Beard, Schulman & Jacoway, P.C.

By: /s/Robert W. Wheeler
Robert W. Wheeler, BPR No. 034485
537 Market Street, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032
Email: rwheeler@pbsjlaw.com

*Counsel for the Defendant JW Holdings, LLC*

**Certificate of Satisfaction of Meet and Confer Requirements**

Undersigned counsel, pursuant to the Court's Order Governing Motions to Dismiss [Doc. 3], give notice to the Court and certifies that undersigned counsel conferred with Plaintiffs' counsel on June 27, 2025 to determine whether an amendment would cure a deficient pleading, and have been unable to agree that the pleading is curable by permissible amendment.

By: /s/ Robert W. Wheeler
Robert W. Wheeler

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served upon counsel for all parties at interest via the Court's ECF filing system.

This 17th day of July, 2025.

By: /s/Robert W. Wheeler