UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JENNIFER CRYSTAL MCDANIEL and<br>NELSON WAYNE MCDANIEL,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF CHATTANOOGA and<br>JW HOLDINGS, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 1:24-cv-203-MJD<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Before the Court is Defendant JW Holdings, LLC's ("JWH") Motion to Dismiss Counts X and XI of Plaintiffs Crystal and Nelson McDaniel's ("Plaintiffs") amended complaint [Doc. 47]. Plaintiffs did not respond to the motion and the time for so doing has passed. *See* E.D. Tenn. L.R. 7.1. Nor have Plaintiffs requested any extension for their deadline to respond to the motion. Under these circumstances, the Court finds Plaintiffs' failure to respond constitutes a waiver of any opposition to the relief sought in the motion. *See* E.D. Tenn. L.R. 7.2. The matter is therefore ripe for review.

I.    BACKGROUND

Plaintiffs filed this lawsuit to challenge a zoning guideline prohibiting six-foot-tall privacy fences in the area where they reside. Plaintiffs erected such a fence on property they lease due to the characteristics of their large former service dog. After they were instructed to remove the fence by the Chattanooga Historic Zoning Commission, they filed suit. On February 3, 2025, during the pendency of this case, Plaintiffs notified the Court the original service dog was euthanized [Doc. 24], but a replacement service dog was forthcoming. The Court therefore permitted Plaintiff to

amend the complaint to address the characteristics of the replacement dog. When Plaintiffs filed their motion to amend, however, they also requested permission to add JWH as a party to the suit. The Court allowed the amendment over the City of Chattanooga's objection [Doc. 37].

Plaintiffs filed the amended complaint on April 21, 2025 [Doc. 38]. Plaintiffs allege, *inter alia*, that they reside at 511 Central Avenue (the "Property"), which they leased from JWH pursuant to a lease agreement (the "Lease") [Doc. 38, ¶¶ 9, 20–21, 90, 100; Doc. 47-1]. While the amended complaint makes numerous general references to the Lease with JWH, Plaintiffs did not attach a copy of the Lease or cite any specific provisions of the Lease that JWH allegedly breached. JWH attached the Lease to the instant motion to dismiss, however, and so the Court has properly considered it in connection with the issues raised [Doc. 47-1].[1] The motion to dismiss addresses only Counts X and XI of the amended complaint, in which Plaintiffs allege JWH's failure to disclose the existence of any zoning ordinances or restrictions on fencing was negligent and/or constitutes a breach of the Lease [Doc. 38 ¶¶ 89–102].

## II.   RULE 12 STANDARD

JWH seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

---

[1] The Court may consider the Lease without converting JWH's motion into one for summary judgment under Federal Rule of Civil Procedure 56. *See Bey v. Sessler*, No. 23-3421, 2024 WL 2078564, at *1 n.2 (6th Cir. Feb. 29, 2024) ("A district court may consider exhibits attached to a defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." (cleaned up)); *see also In re Omnicare, Inc. Secs. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) ("However, we have recognized that if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment.").

2

Case 1:24-cv-00203-MJD   Document 49   Filed 08/13/25   Page 2 of 6   PageID #: 259

omitted). But it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

### III. ANALYSIS

The record clearly reflects that the gravamen of Plaintiffs' claims against JWH is the latter's alleged failure to disclose any restrictions on fencing at the Property. Take, for example, the following allegations from the amended complaint:

- "JW Holdings, LLC is the leasing company responsible for disclosing all restrictions and other issues regarding the [P]roperty to Plaintiffs as Lessees. JW Holdings, LLC failed to disclose any restrictions on fencing at [the Property]."

- "JW Holdings, LLC, among other things, failed to make any disclosures regarding the restrictions on fence types in the Fort Wood Neighborhood where the McDaniels ultimately decided to rent for a period of three (3) years."

- "JW Holdings, LLC's failure to disclose was the cause in fact of the Plaintiffs' installation of the wooden fence and the proximate cause of Plaintiffs' injury as [] Plaintiffs believed they were able to install the wooden fence."

- "JW Holdings, LLC breached the leasing agreement contract herein described by, among other things: failing to disclose the restrictions on fencing under the zoning ordinance."[2]

[Doc. 38, ¶¶ 9, 18, 97, 100]. As a result of JWH's alleged failure to disclose, Plaintiffs assert they are entitled to "compensatory damages in an amount greater than Fifty Thousand Dollars ($50,000.00) and a judgment declaring the Zoning guideline discriminatory, unconstitutional and unenforceable by the City of Chattanooga or the Fort Wood [Neighborhood] Association." [*Id.*, ¶¶ 98, 102].[3] These allegations are insufficient to state a claim for negligence (Count X) or breach of contract (Count XI).

As to Plaintiffs' negligence claim against JWH, "[i]t is well settled under Tennessee law that a tort cannot be predicated on a breach of contract." *Commc'n. Unlimited Contracting Servs. v. Comdata, Inc.*, 611 F. Supp. 3d 483, 496 (M.D. Tenn. 2020) (citing *Town of Smyrna v. Mun. Gas Auth. Of Ga.*, 129 F. Supp. 3d 589, 605 (M.D. Tenn. 2015)). Said otherwise, "[a] tort can exist only if a party breaches a duty which he owes to another independently of the contract." *Id.* The amended complaint does not allege the existence of any duties JWH owed Plaintiffs independent of the Lease. Indeed, Plaintiffs' negligence claim begins with the allegation that "JW Holdings, LLC and Plaintiffs *entered into an agreement*." [Doc. 38, ¶ 90 (emphasis added)]. Thus, the face of the amended complaint reflects that Plaintiffs' relationship with JWH is governed exclusively by the Lease, which is consistent with the Lease's command that "[n]o representation, promise, or inducements not included in this Agreement shall be binding upon any party hereto." [Doc. 47-1,

---

[2] Despite their use of the phrase "among other things," Plaintiffs identify only JWH's failure to disclose as the alleged breach.

[3] It is unclear how Plaintiffs would even be entitled to the declaratory judgment requested in these paragraphs as against JWH, since (1) JWH is not alleged to be responsible for the existence or enforcement of the referenced zoning guideline; and (2) Plaintiffs have already voluntarily dismissed the Fort Wood Neighborhood Association from this lawsuit [Doc. 27].

¶ 25]. Further, Plaintiff's negligence claim is based on the same conduct—here, the non-disclosure of restrictions on fencing—as their breach of contract claim. In light of these allegations, the Court finds Plaintiffs' negligence claim is predicated on its claim for breach of contract, and the negligence claim must therefore be dismissed.

The Court now turns to Plaintiffs' breach of contract claim. As mentioned, Plaintiffs did not attach a copy of the Lease—the document upon which their claims against JWH are based—to the amended complaint. Nor did Plaintiffs allege the existence of or cite specifically to any provision of the Lease they allege JWH violated. Then, even though JWH specifically raised the issue in their motion to dismiss, Plaintiffs failed to respond. "While the failure to attach the [Lease] is not necessarily fatal to a breach of contract claim, the complaint must include the language of specific contract provisions which [JWH] has allegedly breached." *McKnelly v. Wyndham Destinations, Inc.*, No. 3:19-CV-103-TAV-DCP, 2020 WL 1518624, at *3 (E.D. Tenn. Mar. 30, 2020). Plaintiffs' general assertions of breach amount to nothing more than a mere "formulaic recitation of the elements" of a breach of contract claim "devoid of further factual enhancement[,]" rendering their claims implausible. *Id.* at *4 ("While plaintiff does provide some factual allegations about actions of defendant that could constitute non-performance . . . given the lack of reference to any language of the contract imposing an obligation to perform differently, the Court concludes that plaintiffs have failed to put forth a plausible claim for relief in their amended complaint."). The Court will not here endeavor to guess what provisions of the Lease Plaintiffs assert JWH violated. For purposes of JWH's unopposed motion, it suffices to find that Plaintiffs have failed to identify *any* contractual provision creating an obligation to disclose the existence of restrictions on fencing.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** JWH's motion [Doc. 47] and **DISMISSES WITH PREJUDICE** Counts X and XI of the amended complaint [Doc. 38]. As those counts are the only causes of action against JWH, the Court **DISMISSES** JWH as a party to this action.

SO ORDERED.

ENTER:

/s/ *[signature]*
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE