UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JENNIFER CRYSTAL MCDANIEL and NELSON WAYNE MCDANIEL | : : : | |
| Plaintiffs, | : : | Case Number: 1:24-cv-00203 |
| v. | : : : | |
| CITY OF CHATTANOOGA AND FORTWOOD NEIGHBORHOOD ASSOCIATION, INC. | : : : : : | |
| Defendants. | : | |

### CITY OF CHATTANOOGA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTIONS IN LIMINE

Comes now Defendant, City of Chattanooga (the "City") by and through counsel, and, pursuant to the specified Federal Rules of Civil Procedure ("F.R.C.P."), Federal Rules of Evidence ("F.R.E.") and the Orders of this Honorable Court in this matter, hereby submits this memorandum of law to this Honorable Court in support of its motions for an order excluding the introduction of certain documents into evidence as well as any reference to said documents in any argument, testimony or other portion of the trial of this matter. The City states the following:

1. An Order excluding any exhibit not provided in compliance with the Order and Notice of Final Pretrial Conference (Document 62) issued by this Honorable Court on January 14, 2026.

On January 14, 2026, this Honorable Court issued its Order and Notice of Final Pretrial Conference which states, in part, that the Parties should submit electronic copies of their proposed exhibits, a master list of exhibits, and a chart to track exhibits noting stipulations and objections, in accordance with F.R.C.P. Rule 26(a)(2)(A)(iii) within seven days of the issuance of the Order.

Based on this language, the deadline for the Parties was January 21, 2026. This was an extension from the deadline for submitting these documents that was December 23, 2025. The City had not received a list of or copies of exhibits from Plaintiffs, so, on January 21, 2026, it emailed electronic copies of its exhibits as well as a numbered listing of the exhibits and a chart for tracking possible stipulations or objections to each exhibit to Dumitru_Chambers@tned.uscourts.gov as well as to Plaintiffs. On January 22, 2026, Plaintiffs emailed Dumitru_Chambers@tned.uscourts.gov and the City a link to a Microsoft OneDrive folder that contains sixty-six items, eight of which are zip folders. No listing of exhibits or chart accompanied this link. The items in the folder are not well-organized or well-described. A review of the documents and files contained in the link leads the City to believe not all of those items are intended to be exhibits in this case, but it has no guidance from Plaintiffs on which files are not intended to be exhibits. Some items may even be attorney work-product or communications between Plaintiffs and their attorneys, but there has been no request to remove any such documents from the linked folder or the City's downloads thereof. The City asserts that the late-emailed link and the contents of the linked folder constitute incomplete or evasive disclosures as defined by F.R.C.P. 37(a)(4) and should, therefore, be considered a failure to disclose. Pursuant to F.R.C.P. 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The City asserts that this is an appropriate sanction for Plaintiffs and ask this Honorable Court for an order excluding the items contained in Plaintiffs' OneDrive folder, as well as any attempted exhibit not included therein, from evidence at the trial of this case.

2. An Order excluding any exhibit not listed on Plaintiffs' Pretrial Disclosures and Final Witness List (Document 60) pursuant to F.R.C.P. Rule 26.

Plaintiffs filed their Pretrial Disclosures and Final Witness List (Document 60) pursuant to F.R.C.P. Rule 26(a)(3)(A)(ii) and (iii) on December 23, 2025. In Section III of this document, Plaintiffs disclose the documents they intend to rely upon to prove their case. Under Section III(i), Plaintiffs state that medical records will be identified as relating to ten separate conditions. No documents in the Plaintiffs' OneDrive folder are labeled in a way to indicate they contain medical records relating to any specific condition. Under Section III(ii), Plaintiffs state they will utilize Plaintiff's "certifying documents supporting her disabling conditions". Again, no documents in the Plaintiffs' OneDrive folder are labeled in a way to indicate they contain "certifying documents", although there are some documents that do related to Mrs. McDaniel's diagnoses and conditions. Under Section III(iii), Plaintiffs state that they intend to use a number of specific statutes under the Americans with Disabilities Act, but, again, no documents in the Plaintiffs' OneDrive folder are labeled in a way to indicate they contain the referenced statutes, and the City did not locate such documents within the OneDrive folder. At this point in the Plaintiffs' disclosure, the number becomes confusing. It appears that Plaintiffs' also intend to use a summary of the City's alleged violations, documents which demonstrate the need for accommodation, documents for the Chattanooga Historic Zoning Commission ("CHZC"), and documents concerning the qualifications and certifications of the service animal. The Plaintiffs' OneDrive folder does not contain any documents with labels indicating they contain a summary of violations, need for accommodation, documents from the CHZC, or qualifications and certifications of the service animal. From a review of the documents, nothing in the OneDrive folder could be described as a summary of the City's violations or documents from the CHZC. Some documents in the OneDrive folder appear to possibly relate to the need for accommodation and/or qualifications and certifications of the service animal, but they are not clearly labeled to indicate such. Several items

in Plaintiffs' OneDrive folder seem to have no relation to the proposed documents listed in Plaintiffs' disclosures, such as texts with someone named Matthew Daniel, documents labeled "superbill" and Aetna_Claims_2025, and the various dogs' city animal tags and shot records. For a proposed exhibit to be valid, it should have been referenced in the Rule 26(a)(3)(A)(iii) disclosures and an electronic copy submitted pursuant to the orders of this Honorable Court. Plaintiffs have failed to fully disclose any document or exhibit that does not meet both requirements, and as noted above, F.R.C.P. 37(c)(1) states that such document or exhibit should not be permitted to be presented during trial. The City moves this Honorable Court for an order excluding any proposed exhibit that has not been disclosed in Plaintiffs Pretrial Disclosures and Final Witness List (Document 60) from evidence at the trial of this case.

3. An Order excluding any records not accompanied by an affidavit or other certification of authenticity by the record keeper, pursuant to F.R.E. 803(6).

Plaintiffs' OneDrive folder contains a significant number of medical records, bills, receipts, and other statements. Plaintiffs OneDrive folder does not contain any affidavit or other certification of authenticity by the record keeper as required by F.R.E. 803(6). As such, all medical records, bills, and other documents kept in the course of business should be deemed inadmissible hearsay. The City moves this Honorable Court for an order excluding any documents that appear or purport to be medical records, bills, receipts, or business records but do not contain an affidavit of authenticity as required by F.R.E. 803(6).

4. An Order excluding any bill or receipt unless the receipt specifically states the bases for the cost and the relevance to the case is apparent, pursuant to F.R.E. 402.

Plaintiffs' OneNote folder contains a number of bills, receipts, and statements of charges that do not appear directly related to Plaintiffs' claims against the City. These include

"Aetna_Claims_2025", "Animal_Behavior_Ctr._Inv._1", "INV-000006", and "Therapy Super Bill" as well as similar documents. The City asserts these documents are irrelevant to Plaintiffs' claims against the City and should be considered inadmissible. The City moves this Honorable Court for an order excluding all bills, receipts, and statements of charges that do not appear to be directly related to Plaintiffs' claims against the City pursuant to F.R.E. 402.

5. An Order excluding any document that contains analysis of the facts of this case and relevant statutes, unless contained in an expert's report, pursuant to F.R.E. 701 and 802.

Plaintiffs' OneDrive folder contains several documents of analysis of the alleged facts of this case and the relevant statutes. Such documents include "Chatt_ADA_Guidelines_Analysis_", "Findings on the Violation of the ADA and FHA in the minutes of Historic Zoning Commission", "MRI_information_", and "Exhibit-_Public_Disclosure_of_Confidential_Disability_Information_". These documents do not appear to have been drafted by any expert witness as part of their report but appear to contain expert opinions. Furthermore, the documents are clearly inadmissible hearsay. The City moves this Honorable Court for an order excluding all documents of case analysis pursuant to F.R.E. 701 and 802.

6. An Order excluding any document that supports causes of actions or bases for causes of actions not contained in the Plaintiffs' [Amended] Verified Complaint for Declaratory and Injunctive Relief (Document 38), pursuant to F.R.E. 402.

The Plaintiffs' [Amended] Verified Complaint for Declaratory and Injunctive Relief (Document 38) states the causes of actions against the City and the bases for these causes of action. In essence, the Plaintiffs' causes of actions stem from the City's denial of their preferred fence, which they argue they need to contain their service animal. The time to amend this document has

long expired. Nonetheless, Plaintiffs' OneDrive folder contains multiple documents that support alternative, unpleaded bases for their causes of action against the City. The documents are "Letter_for_ADA_accommodations_-_JCM_11-26-2025" and "Exhibit-_Public_Disclosure_of_Confidential_Disability_Information_". Because these do not relate to the claims as presented in the Plaintiffs' Complaint, these documents are not relevant to this case. The City moves this Honorable Court for an order excluding these documents pursuant to F.R.E. 402.

7. An Order excluding any copies of text exchanges between the Plaintiffs and non-parties, pursuant to F.R.E. 402 and 802.

Plaintiffs' OneDrive folder contains several documents that appear to be exchanges between the Plaintiffs' and third-parties. Such exchanges are clearly inadmissible hearsay. Additionally, the text message exchange with Matthew Daniel is not relevant to this case. These hearsay documents are "Matthew_text_pg_5", "Matthew_text_pg_6", "Matthew_text_pg_7", and "request_and_response_from_Mgmt_company_Fri_Dec_29_2023_12-13-47". The City moves this Honorable Court for an order excluding these documents pursuant to F.R.E. 402 and 802.

8. An Order excluding any documents such as letters or reports that are not part of an expert's report, pursuant to F.R.E. 403, 802, and 803.

Plaintiffs' OneDrive folder contains multiple documents, some attributed and some not, containing analysis of statutes and regulations related to Plaintiffs' claims. None of these documents are part of a retained expert's report. These documents are hearsay and do not meet any exceptions to the hearsay exclusion. These documents are "ADA_FHA_Great_Pyrenees_Service_Dog_Requirements_", "Animals_in_Housing_Dec2017", "Bazelon_Support_Animals_in_Housing", and "Fair_Housing_Act". In addition to hearsay, the probative value of these documents is greatly outweighed by their unfair prejudicial value, and

these documents may also confuse the jury. The City moves this Honorable Court for an order excluding these documents pursuant to F.R.E. 203, 802, and 803.

For the above-stated reasons, the City requests this Honorable Court to issue the requested Orders excluding Plaintiffs' proposed evidence.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE


By: s/Andrew Trundle
ANDREW TRUNDLE (BPR #30381)
CHRISTOPHER MCKNIGHT (BPR #34351)
*Assistant City Attorneys*
100 E. 11th Street, Suite 200
Chattanooga, TN  37402
(423) 643-8250 (telephone)
(423) 643-8255 (facsimile)

*Attorneys for the City of Chattanooga*

## CERTIFICATE OF SERVICE

This is to certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Curtis L. Bowe, III, Esq.
    Bowe & Associates, PLLC
    6120 Shallowford Road, Suite 107
    Chattanooga, TN 37421


This 27th day of January, 2026.

s/Andrew Trundle
ANDREW TRUNDLE
CHRISTOPHER MCKNIGHT

Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, TN  37402
(423) 643-8250
(423) 643-8255