UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JENNIFER CRYSTAL MCDANIEL and )
NELSON WAYNE MCDANIEL, )
)
     Plaintiffs, )
)
v. ) No. 1:24-cv-203-MJD
)
CITY OF CHATTANOOGA, )
)
     Defendant. )

## **PROPOSED FINAL PRETRIAL ORDER**

This matter having come before the Court on February 10, 2026, at a pretrial conference pursuant to Federal Rule of Civil Procedure 16, and Curtis Bowe having appeared as counsel for Plaintiff, and Andrew Trundle and Christopher McKnight having appeared as counsel for Defendants, the following action was taken:

(1)    ***Jurisdiction***:    This is an action for alleged discrimination and failure to accommodate pursuant to the Americans with Disabilities Act and the Fair Housing Act. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331. The jurisdiction of the Court is not disputed.

(2)    ***General Nature of the Claims of the Parties***:

    (a)    Stipulated Facts: The City has been unable to confirm stipulated facts with Plaintiffs.

    (b)    Plaintiffs' Theory: The Plaintiff is disabled suffering from several issues which require the need for emotional support animals. Plaintiff's most utilized emotional support animal is a 100-pound dog. The dog serves to provide support when Plaintiff suffers an attack. The dog also naturally protects the area around the home. The City denied Plaintiff accommodation, allowing her to build a fence around her property to contain her emotional support dog. The City denied Plaintiff's request, claiming the fence was out of compliance with the City's historic zoning ordinance which prohibited the wooden fence Plaintiff erected believing she was allowed to erect the same. The City's suggested fencing would not provide a sufficient border which would appropriately contain Plaintiff's emotional support animal. Plaintiff claims the City by denying her accommodation has discriminated against her as an individual suffering

1

from a disability. Plaintiff seeks accommodation of a waiver of the fencing ordinances as well as damages associated with the fence, treatment necessary to address emotional issues associated with the denial of accommodation, and the City's conduct towards her in attempting to address the issue..

(c) Defendant's Theory: The City's theories of the case are that all of the City's actions regarding the fence at issue have been and would prospectively be directed at the property owner, not the Plaintiff tenants, and therefore the City's actions have no effect on the Plaintiffs absent actions taken by the property owner such that the City itself has not refused to make or allow an accommodation; that even if the dogs are a reasonable and necessary accommodation and a privacy fence is a reasonable and necessary accommodation the placement of the privacy fence in the front yard is not a reasonable or necessary accommodation because Plaintiffs could place the fence elsewhere on the property without violating the Fort Wood Design Guidelines; and that Plaintiffs have continued to utilize their desired fence since it was first built and have, therefore, suffered no actual damages.

(3) **_Contested Issues of Law_**: The contested issues of law are: whether the Fort Wood Design Guidelines and City of Chattanooga Ordinance § 10-15 are constitutional and enforceable; whether the City has violated 42 USCS § 12182 of the Americans With Disabilities Act; whether Plaintiffs' claims are viable under 42 USCS § 1983; whether Article I, § 21 of the Tennessee Constitution is applicable to the alleged damages of the Plaintiffs; whether the City has violated the Equal Protection Clauses of the United States and Tennessee Constitutions; whether the Contracts Clause of the United States and Tennessee Constitutions applies to Plaintiffs' contract entered into after the City's adoption of Ordinance § 10-15 and the Fort Wood Design Guidelines; whether Ordinance § 10-15 and the Fort Wood Design Guidelines are void for vagueness and arbitrary enforcement; whether the City's actions violated the Fair Housing Act; and whether Plaintiffs have legally appealed the decision of the Chattanooga Historic Zoning Commission and, if so, whether the decision was arbitrary and capricious.

(4) **_Exhibits_**: The parties have disclosed all exhibits in accordance with Federal Rule of Civil Procedure 26(a)(3)(A). All exhibits to be introduced have been pre-marked with continuous numbering, beginning with the plaintiffs' exhibits then defendant's exhibits. The parties have prepared a joint list of exhibits in a chart form that will allow the Court to track whether an exhibit is introduced and/or admitted with/without objection. The parties previously submitted electronic copies of all exhibits to the Court via email.

The parties have endeavored to stipulate the admissibility of all exhibits. However, the parties cannot stipulate to the admissibility of the following exhibits: all of Plaintiffs' proposed exhibits due to failure to disclose and other issues outlined in

the City's Motions in Limine. The City is also unable to confirm that the Plaintiffs agree to stipulate the admissibility of the City's proposed exhibits. The City has not received a numbered listing of Plaintiffs' proposed exhibits and therefore cannot complete a list or chart of all proposed exhibits beyond what the City has previously submitted. The City asserts that Plaintiffs have failed to disclose all exhibits in accordance with Federal Rule of Civil Procedure 26(a)(3)(A). Plaintiffs in discussion with the City this date confirmed the provision of the same and informed the City of the delay caused by unavoidable circumstances of Plaintiff and counsel's health.

(5) *Witnesses*: The parties have disclosed all witnesses in accordance with Federal Rule of Civil Procedure 26(a)(3)(A). A list comprised of the names of all witnesses and their addresses and telephone numbers is as follows:

(a) List for plaintiff: The City asserts that Plaintiffs have failed to disclose all witnesses in accordance with Federal Rule of Civil Procedure 26(a)(3)(A). Plaintiffs assert that their list was provided and remains unchanged or amended. Those witnesses are:

Dr. Richard Lewis
*Specialty:* Otoneurologist (Ear and Balance Disorders Specialist)
*Facility:* Massachusetts Eye and Ear
*Address:* 243 Charles Street, Boston, MA 02114
*Telephone:* (617) 573-3501
*Email:* Not publicly listed

Dr. Lynda LaChance
*Specialty:* Primary Care / Internal Medicine
*Address:* 807 Schenck Street, Suite 3, Shelby, NC 28150
*Telephone:* (828) 245-7626
*Email:* Not publicly listed

Dr. Erin Patterson
*Specialty:* Psychiatry
*Facility:* Patterson Psych Group, PLLC
*Address:* 1554-C Union Road, Gastonia, NC 28054
*Telephone:* (704) 288-1530
*Email:* Not publicly listed

Dr. Mary DiGiulio
*Specialty:* Primary Care / Family Medicine
*Address:* 1751 Gunbarrel Road, Suite 201, Chattanooga, TN 37421
*Telephone:* (423) 778-8909
*Email:* Not publicly listed

Dr. Jon Hildebrand
*Specialty:* Ophthalmology
*Address:* 2158 Northgate Park Lane, Suite 302, Chattanooga, TN 37415
*Telephone:* (423) 265-1651
*Email:* Not publicly listed

Dr. Ghodasra
*Specialty:* Ophthalmology / Retina Specialist
*Facility:* Southeastern Retina Associates
*Address:* 1606 Gunbarrel Road, Suite 101, Chattanooga, TN 37421
*Telephone:* (423) 756-1002
*Email:* Not publicly listed


William C. Haisten, Jr.
The Haisten Group, LLC.
(423) 899-1928

John Hayes
Animal Behavior Center
1853 Polk Street
Chattanooga, Tennessee 37402


  (b)    List for defendants:

        Cassie Cline
        1250 Market Street
        Chattanooga, TN 37402
        423-643-5834

        Melissa Mortimer
        511 Union Street, Ste. 2300
        Nashville, TN 37219
        615-716-7680

        Skip Pond
        1250 Market Street
        Chattanooga, TN 37402
        423-643-5834

        Clif McCormick
        1250 Market Street
        Chattanooga, TN 37402
        423-643-5834

        Toni Morgan
        100 E. 11th Street, Suite 200
        Chattanooga, TN  37402
        (423) 643-8250

(6)     ***Other Matters***:  This case is set for trial before the United States Magistrate Judge and a jury at 9:00 a.m. Eastern on February 24, 2026, in the Chattanooga Division.  Counsel shall be present at 8:30 a.m. Eastern on the first day of trial to take up any preliminary matters.  The probable length of trial is three days.  The parties shall be prepared for trial on the date which has been assigned.

(7)     This final pretrial order shall supplant the pleadings.

APPROVED FOR ENTRY:

                                                                                                MIKE DUMITRU
                                          UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

**BOWE & ASSOCIATES, PLLC**

By:   s/*Curtis L. Bowe, III by Andrew Trundle w/permission*
       Curtis L. Bowe, III (BPR No. 017037)
       6120 Shallowford Road, Suite 107
       Chattanooga, TN 37421
       (423) 475-6070 (telephone)
       (423) 475-6072 (facsimile)\
       Attorney for Plaintiffs

**OFFICE OF THE CITY ATTORNEY**
CITY OF CHATTANOOGA, TENNESSEE

By:   s/*Andrew Trundle*
      Andrew Trundle (BPR No. 30381)
      Christopher McKnight (BPR  No. 34351)
      *Assistant City Attorneys*
      100 E. 11th Street, Suite 200
      Chattanooga, TN  37402
      (423) 643-8250 (telephone)
      (423) 643-8255 (facsimile)

      *Attorneys for the City of Chattanooga*