UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JENNIFER CRYSTAL MCDANIEL AND NELSON WAYNE MCDANIEL, | * * |
| *Plaintiffs,* | • CASE NO. 1:24-cv-203 * * |
| v. | * Judge Travis R. McDonough * * |
| CITY OF CHATTANOOGA AND FORTWOOD NEIGHBORHOOD ASSOCIATION, INC. | * Magistrate Michael J. Dumitru * * * |
| *Defendants.* | * |

**PLAINITFFS' RESPONSE TO SHOW CAUSE ORDER, DEFENDANT'S MOTION IN LIMINE, DEFENDANT'S MOTION FOR ADDITIONAL TIME OR TO DECLARE EXHIBITS INADMISSIBLE OR TO DISMISS**

Comes now Plaintiffs Jennifer Crystal McDaniel and Nelson Wayne McDaniel ("Plaintiffs") by and through counsel, and pursuant to Rule 16, 26, 34, 37, and 41 of the Federal Rules of Civil Procedure, files the following Response to Show Cause and Response in Opposition to Motion in Limine, Motion to Declare Exhibits Inadmissible or to Dismiss as follows:

The City of Chattanooga seeks additional time for a number of reasons including, but not limited to, "to determine its position on the admissibility of Plaintiffs' proposed exhibits…" "or deem Plaintiffs' exhibits inadmissible", or "dismiss this action with or without prejudice". Plaintiffs would stipulate to additional time for the City of Chattanooga's review of documents and Exhibits. Plaintiffs would request any order extending any time period apply equally to both Plaintiffs and Defendant. Alternatively, Plaintiffs assert that the Motion for Additional time must be **DENIED**.

1

With respect to the remaining motions, to wit, motion in limine, motion to declare exhibits inadmissible and motion to dismiss, Plaintiffs assert, based on the following, that each of the motions must be **DENIED**.

1. Plaintiff Crystal McDaniel is a disabled person within the meaning of the law. [Doc. 1, ¶¶ 3, 13, 14, 25] and [Doc. 35-1, ¶¶ 3, 13, 14, 25].

2. Plaintiffs filed the instant action on May 20, 2024. [Doc. 1].

3. Plaintiffs participated in mediation with the City of Chattanooga in good faith on February 19, 2025, but that effort was unsuccessful.

4. Plaintiffs responded to the discovery propounded upon them by the City of Chattanooga wherein Plaintiffs' responses included a list of potential witnesses. [Doc. 52] and [Doc. 58].

5. Subsequently, Plaintiffs submitted to the City of Chattanooga their Final Witness list of those witnesses with knowledge of the matter upon whom Plaintiffs might call at trial. [Doc. 58].

6. Plaintiffs submitted their Exhibits and documents to the City of Chattanooga on or about January 21, 2026 [See Exhibit A attached hereto].

7. The City of Chattanooga had the information on Plaintiffs' witnesses available to it for over ninety (90) but never Noticed a Deposition directed toward anyone listed within the Responses to Discovery (Responses to Interrogatories or the Initial Disclosures [Doc. 52].

8. During that time period, from May 5, 2025 to date, the City of Chattanooga never noticed Plaintiffs for their own separate depositions, nor did the City of Chattanooga request relief from this Honorable court by bringing its perceived discovery dispute as

2

a motion of any sort under the rules upon which h it now relies to attempt to eliminate Plaintiffs' witnesses or evidence. An age-old axiom is a movant cannot sit on their hands and do nothing and later complain they are disadvantaged.

9. Additionally, the City of Chattanooga never filed a motion to compel nor requested any other relief associated with the information it now claims will prejudice the City of Chattanooga or is required to be examined on the eve of trial. [Doc. 63].

10. The City of Chattanooga asserts that even though listed and provided to the City of Chattanooga, individual witnesses including experts are required to issue reports. No such requirement exists in the Federal Rules of Civil Procedure [Fed. Rul. Civ. P., Rule 35]. On the contrary, where the Court orders an examination and a report is completed by the examining witness, the report must be provided. No such order of examination was entered here.

11. Additionally, any report which exists is included in the medical records provided to the City of Chattanooga, as well as the names of the physicians who created the records. Thos witnesses and a description of the documents were provided on or about November 10, 2025 and supplemented on December 23, 2025. [Doc. 58]

12. The City of Chattanooga had ample time to seek depositions but strategically chose a different path.

13. The City of Chattanooga had ample time to file various motions arguing deficiencies of responses or insufficiency of responses but strategically chose a different path..

14. The City of Chattanooga could have moved for additional time, objected to the witnesses at any point during the timeline of their disclosure from September 10, 2025 to December 23, 2025, but chose a different path. That the path now narrows to

3

make it difficult on the City of Chattanooga is no cause for it to complain that Plaintiffs are unfairly prejudicing the City of Chattanooga. This is underscored by [Doc. 39, ¶¶5, 9, 11, 32].

15. The City of Chattanooga could have availed itself of other means of addressing its failure to obtain information early in this litigation and throughout the discovery period regarding the witness or the medical records and other documents. (Compare with [Doc. 39, ¶¶9, 18, 21, 22, 32]). To sit back for approximately nine (9) months making no effort to seek relief and then ask for the wholesale exclusion of witnesses and evidence constitutes an abuse of the Rules of Civil Procedure.

16. Plaintiffs provided documents and exhibits electronically to the City of Chattanooga on or about January 19, 2026, through a OneDrive link. Again, this is the first time the City of Chattanooga seeks relief from a discovery dispute wherein it claims it is prejudiced.

17. By way of explanation for the delay, Plaintiff C. McDaniels' disabling condition limits her ability to respond quickly or completely as there is always one (1) more document or item to explain or question which naturally slowed the process of gathering, reviewing, and transferring documents.

18. In addition, counsel's personal health was fragile suffering hospitalization setbacks in addition to injuries associated with a fall. Consequently, counsel's ability to respond quickly and timely was impacted and contributed to any delays.

19. The City of Chattanooga received identification of the witnesses and documents on or about November 10, 2025 [Doc. 52]. The City of Chattanooga received the documents via One Drive link from Plaintiffs on or about January 19, 2026. Delays

4

were caused by Plaintiffs' medical condition and exacerbated by Plaintiff counsel's medical condition and resulting injuries. During that time period, the City of Chattanooga did not request any relief. The City of Chattanooga did not file any motions or dispositive motions to address what it considered to be Plaintiffs' failure to provide information.

20. Nevertheless, no delays were willful or intentional in an effort to deprive the City of Chattanooga information. Consequently, Plaintiffs cannot be held to have acted in bad faith or with intent to deprive the City of Chattanooga from the ability to defend itself against Plaintiffs' claims.

## LAW AND ANALYSIS

A. **Rule 26**

Fed. Rul. Civ. P., Rule 26(a)(1)(A)(i) requires the disclosure of any individual "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P., 26(a)(1)(A)(i). "The distinct purpose of the initial disclosure is to alert the opponent to the existence of a witness whose testimony may be helpful to the disclosing party." Harris v. Advance Am. Cash Advance Ctrs, Inc., 288 F. R. D. 170, 171 (S.D. Ohio 2012) (citing 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2053 (Supp. 2009)). Under Rule 26, Plaintiffs are directed to disclose the name and contact information of any individual "likely to have discoverable information—along with the subjects of than information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.". Fed. Rul. Civ. P., Rule 26. *United States v. Cookeville Reg'l Med. Ctr. Auth.*, 2021 U.S. Dist. LEXIS 164773. In a case analogous to the case

5

at bar, the Court denied the motions filed by Plaintiff which sought exclusion of witnesses and documents on the eve of trial. *Id.*

In denying the Plaintiff's motion to exclude witnesses in *Cookeville*, the Court held that the disclosure of witnesses under Rule 26 exists for parties to alert opponents of individuals 'likely' to have knowledge to support claims or defenses asserted at trial. Under the rules, there is no requirement that a defendant sit back and let the litigation come to it. In this case, Plaintiffs have fulfilled their obligation. {Doc. 52] and [Doc. 58] and the City of Chattanooga points to no case for support which allows it to sit back and take no action only to wait until weeks before trial to lodge discovery motion disputes seeking to eliminate a plaintiff's case by excluding witnesses or evidence.

Accordingly, in the case at hand, between May 5, 2025, and December 23, 2025, Plaintiffs notified the City of Chattanooga of witnesses 'likely' to have information. [Doc. 52] and [Doc. 58] The City of Chattanooga sat on that information throughout the discovery period. It is also noteworthy that the City of Chattanooga filed no motions to compel production of information, addresses, or documents. Similarly, no notices of depositions were lodged requesting to depose the witnesses or examine witnesses with documents identified by Plaintiffs. The record is devoid of the City of Chattanooga proactively seeking relief where it believed Plaintiffs failed to comply with orders or the Court's instructions. Again, it chose to lie in wait until the eve of trial and then claim it was prejudiced so much by taking no action for eight (8) months under the rules, that Plaintiffs' case must have no witnesses or evidence and should be dismissed as a sanction. The rule exists to protect the non-movant as well so that the movant when failing to file for summary judgment under Fed. Rul. Civ. P. Rule 56 or Rule 12, seeks a

6

dismissal under a theory of failure to cooperate in discovery. The City of Chattanooga's motion to declare exhibits inadmissible or to dismiss it must be **DENIED**.

### B. Rule 37(b)(2) and Rue 41(b)

"[U]nder Civil Rule 37(b)(2), if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . dismiss[] the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Similarly, Civil Rule 41(b) authorizes district courts to dismiss a case where the plaintiff fails to prosecute their case. FED. R. CIV. P. 41(b). "Under both [Civil Rule] 37(b) and [Civil Rule] 41(b), the test to determine whether dismissal is warranted is the same." *Johnson v. Pub. Serv. Credit Union*, No. 4:25-cv-11123, 2025 U.S. Dist. LEXIS 172845 , 2025 WL 2538842 at *1 (E.D. Mich. Aug. 11, 2025), *report and recommendation adopted*, No. 25-11123, 2025 U.S. Dist. LEXIS 171538, 2025 WL 2533987 (E.D. Mich. Sept. 3, 2025). Courts consider: (1) whether "the failure to cooperate or prosecute [was] due to willfulness, bad faith, or fault; (2) [whether] the adversary [was] prejudiced by the party's conduct; (3) [whether] the party [was] warned that failure to cooperate or prosecute could lead to dismissal; and (4) the existence and appropriateness of less drastic sanctions." *Id.* (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008))." *Jones v. Delta Air Lines, Inc.*, 2025 U.S. Dist. LEXIS 218153 (2025).

The Court in *Jones* denied a similar motion to dismiss because despite incomplete discovery responses, late responses, and what Delta cited as Jones' refusals to cooperate, thus placing blame for the delays and lack of information squarely upon the plaintiff. Delta took action throughout the discovery period by highlighting those issues to the Court, filing motions seeking relief, consistently trying to resolve the discovery dispute. Until Delta cancelled

7

Plaintiff's deposition causing an insurmountable delay which the Court concluded was a noteworthy failure on Delta's part. The Court held, "because Delta was the party to call off Jones's deposition, it may not place the blame for Jones's failure to be deposed wholly on Jones. *See Bass*, 71 F.3d at 241. "In this way, dismissal of this case [was] not warranted under either Rule 37(b) or Rule 41(b)." *Id.* at 11.

Here, the Court is presented with the exact opposite set of facts. Instead of diligent and consistent requests for relief from the Court, the City of Chattanooga's actions are worse as it never sought any remedy for perceived violations of the Court's orders. The City of Chattanooga never availed itself of the relief prescribed by the Rules of Civil Procedure seeking to compel production of information, attendance at depositions, documents, or any other available remedy.[1] As a result, under the standard for dismissal, the City of Chattanooga's lack of action is inconsistent with its contention that Plaintiffs willfully or intentionally delayed and withheld information such that they should be punished through the exclusion of witnesses, exclusion of evidence or dismissal of their case.[2]

Here, the City of Chattanooga's respective motions fail under the standard applied by the Sixth Circuit as set forth in *Jones*. First, was not willful, in bad faith or due to fault. Plaintiff C. McDaniel suffers from medical conditions which impeded her ability to provide information to her counsel and documents to her counsel without adding to those documents, essentially daily. Counsel's failure to impress upon her the requirement of timeliness is excusable as not

---

[1] The record is devoid of any such motion.

[2] The City of Chattanooga does not provide any example of approaching the Court with its issues, sat back, and at the last-minute attempts an end around seeking dismissal having failed to file a motion for summary judgment or judgment on the pleadings or any motion to resolve what it now paints as a discovery dispute.

intentional or willful or in bad faith as he suffered from a medical condition and injuries due to falls and neuropathy.

Plaintiffs were not warned as the City of Chattanooga never approached the Court for relief and subsequent orders were not issued requiring Plaintiffs address any discovery deficiencies identified by the City of Chattanooga in its motion. Similarly, the City of Chattanooga is not prejudiced by Plaintiffs conduct as much as it is prejudiced by its own conduct. The failure to seek relief in this circumstance and continued failure to seek relief for eight (8) months, is telling and disqualifies any attempt to approach the Court with clean hands.

Finally, there are less drastic means available to the Court – providing an extension, to take any action consistent with providing the City of Chattanooga the information it seeks (which Plaintiffs contend is moot as the City of Chattanooga has the documents and has for eight (8) months had the names and pertinent information of witnesses.) Thus, an extension for the City of Chattanooga to review the information, determine whether it would take a deposition now, is a far less drastic measure than dismissal. Consequently, the motion to exclude witnesses and evidence must be **DENIED**.

C. **Rule 56(f)**

Additionally, here, the City of Chattanooga has not filed a motion for summary judgment pursuant to Fed. Rul. Civ. P., Rule 56 contending that no genuine issues of fact exist or that it is entitled to judgment as a matter of law. Consequently, the City of Chattanooga's own dilatory discovery practice serves to impede any grant of dismissal. Plaintiff has not failed to respond to a request for summary judgment, nor failed to participate in discovery. In fact, as highlighted by the City of Chattanooga's own motions, Plaintiffs responded to discovery interrogatories and

produced documents upon which they intend to rely. [Doc.___]. As a result, the motion to dismiss imposed as a sanction must be **DENIED**.

Additionally, under Fed. Rul. Civ. P., Rule 56(f), "the decision to grant additional discovery is discretionary, and the Sixth Circuit has endorsed five factors to guide the district court's consideration: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests. *Mallory v. Noble Corr. Inst.*, 45 F. App'x 463, 467-68 (6th Cir. 2002) (citing *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)); *see Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009) (decision to allow or deny additional discovery is reviewed for abuse of discretion) (citations omitted). The protection of Rule 56(d) "is not intended to shield counsel who were dilatory in conducting discovery." *Mallory*, 45 F. App'x at 469 (citing former Rule 56(f) and collecting cases). Consequently, courts "pay special attention to the fourth *Plott* factor, whether counsel was dilatory[.]" *Id.*

Here, the City of Chattanooga says the issue of witnesses and documents supporting Plaintiffs' claims existed from the date of filing of initial disclosures. However, the City of Chattanooga did not file motions to compel, or lodge communications requesting the information it seeks an extension to review. Similarly, the Plaintiffs potential witnesses were provided in [Doc. 52] and [Doc. 58] as early as May 5, 2025. Moreover, and most importantly, the City of Chattanooga did not notice a deposition, file a motion to compel, or otherwise seek relief on not receiving information it now says prejudices

With respect to deeming evidence inadmissible and excluding witness testimony and evidence under the City of Chattanooga's motion in limine, the majority of the *Plott* factors—and most notably the fourth factor—weighs against granting the City of Chattanooga's motion.

Beginning with the first factor, the City of Chattanooga knew at the outset of the litigation that the allegations against it might generate summary judgment motions. Yet, no motions to compel or other motions were directed towards Plaintiffs. The City of Chattanooga extends the finger of blame to Plaintiffs; however, it is *the City of Chattanooga's delay* in waiting until well after the close of discovery to lodge a discovery dispute to the Court's attention that made it impossible for the Court to resolve the matter before the discovery period expired. If the City of Chattanooga did not have what it needed, there were options available to attempt to secure it rather than wait until thirty (30) days before trial and then ask that Plaintiffs' witnesses be excluded, Plaintiffs evidence be excluded, or Plaintiffs' case be dismissed. Plaintiffs are not blameless and contributed in part, but the City of Chattanooga could have made the decision to file to obtain the information it now seeks additional time to review. Thus, the fifth factor weighs in favor of neither party.

While the delays in pursuing discovery by both parties and to present the Court with a timely discovery dispute may have been motivated, to some extent, by a desire to conserve resources in the hopes that the case would settle or so that a motion to compel could be avoided the timing of motions to compel to obtain relief matters. The City of Chattanooga's current predicament is of its own making. While Plaintiffs' contribution, albeit unintentional, to the delay is their own making exclusion of witnesses and evidence in the face of not one request for assistance in compelling production is not an appropriate remedy. Defendant's motion in limine to exclude witnesses and evidence and motion to dismiss must be **DENIED**.

**Respectfully submitted:**

**BOWE & ASSOCIATES, PLLC**

By: /s/ Curtis L. Bowe, III
6120 Shallowford Road, Suite 107
Chattanooga, Tennessee 37421
(423) 475-6070 (Telephone)
(423) 475-6072 (Facsimile)

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify that a true and exact copy of this pleading was forwarded by electronic mail and United States Mail to the following interested parties this the 11th day of February, 2026.**

**Andrew Trundle, Esq.
Chritopher McKnight, Esq.
Azarius Yanez, Esq.
Office of the City Attorney
100 East 11th Street, Suite 200
Chattanooga, Tennessee 37402**

**BY:   s/CURTIS L. BOWE, III
Curtis L. Bowe, III, Esq.**
