# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

JENNIFER CRYSTAL MCDANIEL     :
and NELSON WAYNE MCDANIEL     :
                              :
    Plaintiffs,               :    **Case Number: 1:24-cv-00203**
                              :
v.                            :
                              :
CITY OF CHATTANOOGA AND       :
FORTWOOD NEIGHBORHOOD         :
ASSOCIATION, INC.             :
                              :
    Defendants.               :

## CITY OF CHATTANOOGA'S RESPONSE TO PLAINTIFFS' BRIEF REGARDING SANCTIONS

Comes now Defendant, City of Chattanooga (the "City") by and through counsel, and, pursuant to Rules 16, 26, 34, 37, and 41 of the Federal Rules of Civil Procedure ("F.R.C.P.") and the Orders of this Honorable Court in this matter, hereby responds to Plaintiffs' Response to Show Cause Order, Defendant's Motion in Limine, Defendant's Motion for Additional Time or To Declare Exhibits Inadmissible or to Dismiss (Document 68), focusing of the Show Cause Order (Document 67), as follows:

The City filed its Motion for Additional Time or To Declare Exhibits Inadmissible or to Dismiss (Document 63) ("Motion") on January 21, 2026, citing Plaintiffs' failure to fully and timely make required disclosures. On January 22, 2026, a day after the Court's deadline, Plaintiffs sent to the City and the Court a link to a Microsoft OneDrive folder that contains sixty-six items, eight of which are zip folders. No listing of exhibits or chart accompanied this link. The items in the folder are not well-organized or well-described. Plaintiffs have not provided any additional information about their proposed exhibits or a numbered list since that date.

Since the City filed its Motion, Plaintiffs have further failed to file or send motions in limine, proposed jury instructions, proposed jury verdict form, and courtroom technology disclosures. Plaintiffs did participate in the drafting of the Proposed Final Pretrial Order (Document 66), but, while the Parties followed the form required by this Honorable Court, the City would concede that much of the required information is missing. The City would assert the Plaintiffs bear the greater share of the blame for these inadequacies.

Plaintiffs assert that the City is not entitled to any sanctions because it did not file earlier discovery motions, but the City is not basing its request for sanctions upon the inadequacy of Plaintiffs' discovery responses or lack of a deposition of Plaintiffs. City sought sanctions for Plaintiffs' failure to make full and timely disclosures and failure to prosecute its case. As an example, Plaintiffs listed two expert witnesses, John Hayes and Dr. Erin Patterson, on their F.R.C.P. Rule 26(a)(2) disclosures, sent to the City in August 2025. Plaintiffs then filed a Final Witness List on November 13, 2025, that listed neither of these individuals as witnesses. (Document 52). On their F.R.C.P. Rule 26(a)(3) Pre-Trial Disclosures and Final Witness List (Document 60), filed December 23, 2025, Plaintiffs list both Hayes and Patterson as well as an additional five medical professionals as possible witnesses. Plaintiffs have also listed William C. Haisten, Jr., a retained appraiser, who should have been disclosed as an expert and drafted a report under F.R.C.P. Rule 26(a)(2). The City is unclear why Plaintiffs have cited F.R.C.P. Rule 35 to dispute this assertion. The City asserts the additional medical professionals and Mr. Haisten should be barred from testifying due to the failure to timely and fully disclose them and for the lack of a report from Mr. Haisten.

As a way to excuse their failures to meet all disclosure requirements or effectively prosecute their case, Plaintiffs cite the health issues of both Plaintiffs and their counsel. While the

City is sympathetic to Plaintiffs' and their counsel's ailments, neither the City nor the Court was made aware of these apparently long-present issues until the date of filing the Proposed Final Pretrial Order, February 6, 2026.

This Honorable Court has already deemed any response by Plaintiffs to the City's Motion to be waived and is seeking to determine what sanctions, if any, should be imposed. (Document 67). The City, therefore, will address the appropriateness of each of the three requested sanctions while attempting to respond to Plaintiffs' relevant arguments.

The City's first request is for additional time to respond to Plaintiffs' exhibit and other disclosures, which had not been supplied to the City at the time of filing its Motion. This request by City was based on the presumption that Plaintiffs would soon be providing the documents requested by this Honorable Court in Paragraphs 3(a) and (b) of its Order and Notice of Pretrial Conference (Document 62). While Plaintiffs have since supplied a link to their Microsoft OneDrive folder, Plaintiffs have still not provided a numbered list of clearly identified exhibits that would enable the City to practically respond to these items. This Honorable Court has previously denied a Joint Motion to Continue (Document 55) due to the Parties being unable to demonstrate good cause for a continuance based on diligence to meet the deadlines contained in the relevant scheduling order (Document 56). The Parties are in no better position today to demonstrate diligence and good cause to continue the trial date. Assuming this Honorable Court does not intend to continue the trial date, and because Plaintiffs have still not effectively disclosed their exhibits eight days before the trial date, the sanction of additional time for the City to respond is no longer appropriate.

The City's second request is for the exclusion of exhibits and witnesses, pursuant to F.R.C.P. Rule 37(c), which this Honorable Court may wish to assess in conjunction with the City's

Motions in Limine (Document 64) and Memorandum in Support of Its Motions in Limine (Document 65). As described in its Motion as well as Documents 64 and 65, the City is seeking exclusion of exhibits and witnesses primarily due to the Plaintiffs' failures to make complete and timely disclosures pursuant to F.R.C.P. Rule 26. Plaintiffs respond to the City's Rule 26 assertions by citing to *United States v. Cookeville Reg'l Med. Ctr. Auth*. 2021 U.S. Dist. LEXIS 164773. Based on its reading of the cited document, the City is uncertain of that case's relevance to the issues at hand as that case addresses the requested exclusion of a purported expert witness report that the other party asserts is not relevant or intended as evidence. *United States v. Cookeville Reg'l Med. Ctr. Auth*., 2021 U.S. Dist. LEXIS 164773, 11-13 (M.D.T.N. 2021). The City would also note that Plaintiffs repeatedly assert the City had all the information it needed as of May 5, 2025, which is the date the City filed its Answer to the amended complaint (Document 39), but cites Documents 52 (filed November 10, 2025) and 58 (filed December 23, 2025) as its proof for this assertion. Pursuant to F.R.C.P. Rule 37(c),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

F.R.C.P. 37(b)(2)(A) list of possible other appropriate sanctions is as follows:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; [or]

(vi) rendering a default judgment against the disobedient party;

The City asserts that Plaintiffs have failed to make full and timely disclosures of multiple witnesses and all of their exhibits pursuant to F.R.C.P. Rule 26(a) and that these failures are neither justified nor harmless. Exclusion of witnesses and exhibits that have not been properly disclosed is an appropriate sanction for Plaintiffs' disclosure failures.

Finally, the City asks this Honorable Court to dismiss this matter pursuant to F.R.C.P. Rule 41(b) for failure to comply with the Federal Rules of Civil Procedure and orders of this Honorable Court as well as failure to prosecute. The City would note that since the filing of its Motion, Plaintiffs have missed multiple additional deadlines, underscoring their failure to prosecute their case. In their response, Plaintiffs note the same four criteria for a Rule 41(b) dismissal as the City, although citing to different case law. (Document 68). These criteria are:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Tung-Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)(quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). In opposing this request, Plaintiffs cite *Jones v. Delta Air Lines, Inc*. 2025 U.S. Dist. LEXIS 218153 (E.D.M.I. 2025). This case is distinguishable from the case at hand in many ways, such as the fact that the Plaintiff in that case is representing herself, the motion to dismiss was made during the discovery process, and the motion to dismiss is based largely on discovery issues. *Jones* at 8-12. Still, the District Court stated it would have dismissed Jones's case had Delta not cancelled the scheduled deposition and stated any additional discovery failures would result in dismissal. *Id*. The City would assert that the four factors still weigh in favor of dismissal. While Plaintiffs assert that any failures are the result of medical issues of the Plaintiffs

and their counsel, this assertion was not made until well after Plaintiffs had failed to meet multiple deadlines. Additionally, this Honorable Court has warned the Parties that "Failure to file a proposed final pretrial order (in the form required) that is executed on behalf of all parties may result in sanctions." (Document 62). Even if this Honorable Court were to consider dismissal with prejudice to be too harsh a sanction on Plaintiffs, dismissal without prejudice would certainly be appropriate under these circumstances.

For the above stated reasons, as well as those reasons asserted by the City in Documents 63, 64, and 65, the City asserts that sanctions against Plaintiffs are appropriate and should either take the form of excluding all witnesses and exhibits that have not been timely and fully disclosed under F.R.C.P. Rule 26, as well as other exclusions as requested in the City's Motions in Limine, or dismissal, either with or without prejudice.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE

By:    s/Andrew Trundle
       ANDREW TRUNDLE (BPR #30381)
       CHRISTOPHER MCKNIGHT (BPR #34351)
       *Assistant City Attorneys*
       100 E. 11th Street, Suite 200
       Chattanooga, TN 37402
       (423) 643-8250 (telephone)
       (423) 643-8255 (facsimile)

       *Attorneys for the City of Chattanooga*

## CERTIFICATE OF SERVICE

  This is to certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Curtis L. Bowe, III, Esq.
    Bowe & Associates, PLLC
    6120 Shallowford Road, Suite 107
    Chattanooga, TN 37421


This 16th day of February, 2026.


         s/ Andrew Trundle_____
         ANDREW TRUNDLE
         CHRISTOPHER MCKNIGHT


Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, TN  37402
(423) 643-8250
(423) 643-8255