UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JENNIFER CRYSTAL MCDANIEL and NELSON WAYNE MCDANIEL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:24-cv-203-MJD ) |
| CITY OF CHATTANOOGA, | ) ) |
| Defendant. | ) ) |

# ORDER

Plaintiffs Jennifer and Nelson McDaniel ("Plaintiffs") are suing Defendant City of Chattanooga ("City") after their request for a zoning variance was denied by the City's Historic Zoning Commission. Plaintiffs' home is located in the Fort Wood Historic District of Chattanooga, which has specific guidelines for the size and design of fences. Plaintiffs sought the variance for a six-foot tall privacy fence—which Plaintiffs had previously installed with the permission of their landlord—that Plaintiffs contend is necessary for Plaintiff Jennifer McDaniel's large service dog. The Historic Zoning Commission concluded Plaintiffs' fence did not comply with the applicable guidelines, and therefore denied the request for a variance. Plaintiffs contend that the denial of the variance violates Plaintiffs' rights under federal and state law.

The Court conducted a status conference in this case on February 20, 2026 ("Status Conference"), during which the Court heard from the parties regarding several pending matters: (1) the City's Motion for Additional Time or to Declare Exhibits Inadmissible or to Dismiss [Doc. 63]; (2) the City's Motions in Limine [Doc. 64; Doc. 65]; (3) the Court's Order Continuing Final Pretrial Conference and Requiring Plaintiffs to Show Cause [Doc. 67]; and (4) the parties' Proposed Final Pretrial Order [Doc. 66], which is deficient in several significant ways.

The Court has already discussed, both in prior orders and during the Status Conference, the negative impact of the parties' dilatory and, at times, neglectful approach to litigating this case [Doc. 56; Doc. 67]. The Court declines to summarize this tortured history once again here. Suffice to say that, although the parties have not demonstrated good cause for any further extensions, the Court has an obligation to see that justice is done, even if not assisted by counsel. The Court therefore puts the parties **ON NOTICE** that the Court will not tolerate further delays in addressing the merits of this case.

As set forth in detail during the Status Conference and below: (1) the City's Motion for Additional Time or to Declare Exhibits Inadmissible or to Dismiss [Doc. 63] and its Motions in Limine [Doc. 64; Doc. 65] are **GRANTED IN PART AND DENIED IN PART**; (2) the Court's Order to Show Cause [Doc. 67] is **SATISFIED**, subject to the instructions in this order; (3) the parties will be required to meet and confer in good faith and to submit a jointly prepared amended proposed final pretrial order, exhibit chart, and complete set of proposed jury instructions and verdict form; and (4) the scheduling order [Doc. 45] is **AMENDED** solely for the purpose of establishing new final pretrial conference and trial dates.

First, the parties are **ORDERED** to meet and confer in good faith and to submit, on or before **MARCH 4, 2026**, a jointly-prepared amended proposed final pretrial order (the "Amended Pretrial Order") which addresses the issues discussed during the February 20 Status Conference and in this order.[1] That is, the Amended Pretrial Order **SHALL** reflect the Court's rulings and the parties' discussions during the Status Conference. Specifically, the Amended Pretrial Order shall

---

[1] Given that the Court is only extending the trial date by about one month, the Court will not order the parties to mediate this case a second time. The parties are nevertheless strongly encouraged to discuss resolution of substantive issues during their meet-and-confer, including whether this case is ripe for adjudication considering counsel's representations made during the Status Conference.

2

contain, but not be limited to, the following: (1) the parties' stipulations discussed during the Status Conference, including Plaintiff Jennifer McDaniel's disability, the timeline of Plaintiffs' request for a variance, the status of the fence, the parties' positions regarding alternative locations for the fence that the City asserts would not violate applicable guidelines, and other matters to which the parties can stipulate; (2) a specific list of all legal issues that remain in dispute, excluding those issues the parties agree are no longer in dispute (including, but not necessarily limited to, the viability of Plaintiff's § 1983 claim), together with citations to relevant authority supporting their respective positions on the disputed legal issues, which the parties shall be prepared to discuss during the final pretrial conference; and (3) a list of all exhibits that remain in dispute on grounds of authenticity or admissibility following the parties' meet-and-confer, with a brief explanation of each side's position as to each disputed exhibit, accompanied by citation to relevant authority including the applicable Federal Rule(s) of Evidence. Any objections to exhibits not properly identified and adequately explained in the Amended Pretrial Order will be deemed waived.

The Court further **ORDERS** that Plaintiffs shall not be permitted to offer the testimony of and/or evidence from any medical provider listed in their disclosures filed December 23, 2025 [Doc. 60] other than Dr. Erin Patterson and Dr. Mary DiGuilio (to the extent she is available during the trial dates set in this order). The Court bases its ruling on Plaintiffs' counsel's assertion that these two providers are the only ones necessary to address Plaintiff Jennifer McDaniel's need for a service dog, as well as the City's fully briefed arguments regarding the timeliness of Plaintiff's disclosures. Further, although Plaintiffs may also present testimony of and/or evidence from John Hayes of the Animal Behavior Center, Plaintiffs will not be permitted to enter into evidence any documents relied on by Mr. Hayes that were not previously produced to the City as of the date of the Status Conference. To the extent Plaintiffs discover a document they have not previously

produced but which they wish to offer at trial in connection with Mr. Hayes's testimony, they **SHALL** bring the issue to the attention of the City and the Court without delay. The remaining medical providers (Dr. Richard Lewis, Dr. Lynda LaChance, Dr. Jon Hildebrand, and Dr. Ghodasra [Doc. 60]) will not be permitted to testify unless the parties agree otherwise, in writing. In addition, William C. Haisten, Jr. [Doc. 52]—who the Court confirmed through discussion with counsel during the Status Conference is in fact an expert witness—will not be permitted to testify based on Plaintiffs' failure to adequately disclose Mr. Haisten in accordance with Federal Rule of Civil Procedure 26, unless the parties agree otherwise, in writing.

In addition to identifying the disputed exhibits in the Amended Pretrial Order, on or before **MARCH 4, 2026,** the parties **SHALL** provide the Court with a chart,[2] formatted as set forth below, that lists **ALL** exhibits the parties intend to offer at trial, numbered continuously beginning with Plaintiffs' exhibits and followed by the City's exhibits:

| Exhibit Number | Description & Witness | Date Offered | Introduced by Plaintiff | Introduced by Defendant | Marked | Objection? | Admitted | Not Admitted |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Although not addressed during the February 20 Status Conference, the Court previously ordered the parties to submit proposed jury instructions for each cause of action and for each affirmative defense to be litigated at trial, including instructions covering each element to be proved, who must prove it, and by what standard it must be proved [Doc. 45 at Page ID # 232–

---

[2] The chart may be submitted to the Court by email at Dumitru_Chambers@tned.uscourts.gov, and need not be filed in the record.

4

33]. The parties were also ordered to submit proposed instructions as to each type of relief and damages sought and proposed verdict forms. The City timely submitted what appears to be a partial set of proposed instructions and a verdict form; Plaintiff submitted no proposed instructions or verdict form.

Accordingly, the parties **SHALL** submit a jointly prepared, complete set of jury instructions and a verdict form on or before **MARCH 9, 2026**. The instructions **SHALL** be supported by citations to relevant authority pursuant to Eastern District of Tennessee Local Rule 7.4. In the event the parties cannot agree on a particular instruction, the parties **SHALL** each submit their proposed version of the disputed instruction, along with a brief explanation of their position in the dispute and citations to relevant authority, on that same date.

A final pretrial conference will be held on **MARCH 12, 2026, at 10:00 a.m. Eastern**, in Courtroom 4 of the Joel Solomon Federal Courthouse. All counsel who plan to participate in the trial must attend the final pretrial conference in person. The Court will endeavor to rule on outstanding matters at the final pretrial conference. Accordingly, counsel **SHALL** be prepared to discuss any unresolved pretrial matters and motions at the final pretrial conference.

This case is set for trial before United States Magistrate Judge Mike Dumitru and a jury on **MARCH 23, 2026,** in Courtroom 1b of the Joel Solomon Federal Courthouse.[3] It is expected to last **THREE DAYS**. Counsel and the parties **SHALL** be present and ready to proceed at **8:30 a.m. Eastern** for each day of trial.

---

[3] The parties are encouraged to check the Court's calendar the morning of trial for any changes to the assigned courtroom.

SO ORDERED.

ENTER:

/s/ *[signature]*
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE